In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-450 CR


____________________



JOHN MARTIN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court 


Jefferson County, Texas


Trial Cause No. 85422






MEMORANDUM OPINION


 A jury convicted John Martin of aggravated sexual assault of a child younger than
fourteen years of age. See Tex. Pen. Code Ann. § 22.021(a)(1)(B), (2)(B) (Vernon Supp.
2006). (1) Martin's punishment exposure for the offense (first-degree felony) was raised to
repeat offender status by way of a prior felony conviction allegation included in his
indictment. See Tex. Pen. Code Ann. §§ 22.021(e), 12.42(c)(1) (Vernon Supp. 2006). 
Martin ultimately elected to have the trial court assess his punishment, and he requested
preparation of a pre-sentence investigation ("PSI") to assist the trial court in its decision. (2) 
At the brief punishment hearing conducted almost two months following the trial, Martin
admitted to his prior felony conviction but maintained his innocence of the aggravated sexual
assault of K.G. The trial court sentenced Martin to thirty years' confinement in the Texas
Department of Criminal Justice - Correctional Institutions Division. 

 Martin's appellate counsel has filed an Anders (3) brief that concludes the appeal is
without merit as a review of the record revealed no reversible error. Thereafter, Martin filed
a pro se appellate brief raising three issues: 1) ineffective assistance of trial counsel, 2)
violation of Martin's speedy trial rights, and 3) ineffective assistance of appellate counsel. 
 INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL


 Martin alleges nineteen instances of ineffective assistance of his retained trial counsel
during the course of the criminal prosecution against him. An accused has a right to
reasonably effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686-87,
104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim.
App. 2001). To obtain relief under this theory, an accused must show that trial counsel's
performance was deficient, and that, because of this deficient performance, there is a
reasonable probability that the result of the proceeding would have been different. 
Strickland, 466 U.S. at 687, 694. Moreover, the accused bears the burden of proving his
ineffective assistance claim by a preponderance of the evidence. Jackson v. State, 973
S.W.2d 954, 956 (Tex. Crim. App. 1998). 

 In assessing any ineffective assistance claim, we apply a strong presumption that trial
counsel was competent. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We
also presume that trial counsel's actions and decisions were reasonably professional and were
motivated by sound trial strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994). When, as in the instant case, there has been no post-trial proceeding from which trial
counsel has been afforded the opportunity to present evidence of the strategic bases, if any,
for his trial decisions, it is extremely difficult for an accused to make a showing of deficient
performance. See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); Stults v. State,
23 S.W.3d 198, 208-09 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd). In the instant
case, we have no testimony or affidavit from trial counsel setting out his trial strategy. 

 Absent such evidence, appellate courts are not at liberty to find trial counsel's conduct
was ineffective unless the challenged conduct was "'so outrageous that no competent
attorney would have engaged in it.'" Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim.
App. 2005) (quoting Garcia, 57 S.W.3d at 440). Additionally, any Strickland claim must be
"'firmly founded in the record' and 'the record must affirmatively demonstrate' the
meritorious nature of the claim." Id. (quoting Thompson, 9 S.W.3d at 813) (declining to
speculate on counsel's failure to object to hearsay in light of silent record). Rarely is direct
appeal an adequate vehicle for raising Strickland claims because the record is generally
undeveloped. Id. (citing Thompson, 9 S.W.3d at 813-14). "'[T]rial counsel should ordinarily
be afforded an opportunity to explain his actions before being denounced as ineffective.'" 
Id. (quoting Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). Lastly, as has
often been noted, no Texas court has defined the right to effective assistance of counsel as
the right to error-free counsel. Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App.
1990); Mercado v. State, 615 S.W.2d 225, 228 (Tex. Crim. App. 1981); Ex parte Burns, 601
S.W.2d 370, 372 (Tex. Crim. App. 1980). 

 Because trial counsel has not had the opportunity to respond to Martin's numerous
allegations of ineffective assistance, Martin has not overcome the strong presumption that
trial counsel acted reasonably. See Mallett v. State, 65 S.W.3d 59, 67 (Tex. Crim. App.
2001). Further, we can find no act or omission of trial counsel that could be described as
"outrageous." See Goodspeed, 187 S.W.3d at 392. 

INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL


 Martin also raises a claim of ineffective assistance of his appellate counsel. Martin
contends, inter alia, that appellate counsel was ineffective for failing to file a brief on the
merits as "numerous reversible errors" were made during the prosecution of the aggravated
sexual assault. 

 The U.S. Supreme Court addressed the proper standard for reviewing a claim of
ineffective assistance of appellate counsel when counsel makes the decision to file an Anders
brief in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). In Robbins,
the Supreme Court held:

 On remand, the proper standard for evaluating Robbins' claim that
appellate counsel was ineffective in neglecting to file a merits brief is that
enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984). See Smith v. Murray, 477 U.S. 527, 535-536, 106 S.Ct.
2661, 91 L.Ed.2d 434 (1986) (applying Strickland to claim of attorney error
on appeal). Respondent must first show that his counsel was objectively
unreasonable, see Strickland, 466 U.S. at 687-691, 104 S.Ct. 2052, in failing
to find arguable issues to appeal - - that is, that counsel unreasonably failed to
discover nonfrivolous issues and to file a merits brief raising them. If Robbins
succeeds in such a showing, he then has the burden of demonstrating
prejudice. That is, he must show a reasonable probability that, but for his
counsel's unreasonable failure to file a merits brief, he would have prevailed
on his appeal. See id., at 694, 104 S.Ct. 2052 (defendant must show "a
reasonable probability that, but for counsel's unprofessional errors, the result
of the proceeding would have been different").


Robbins, 528 U.S. at 285-86 (footnote omitted).

 Recall, however, that in a Strickland analysis, review of counsel's representation "is
highly deferential and presumes that counsel's actions fell within the wide range of
reasonable and professional assistance." Bone, 77 S.W.3d at 833 (footnote omitted). "To
defeat the presumption of reasonable professional assistance, 'any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness.'" Thompson, 9 S.W.3d at 814 (quoting McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). 

 In the instant case, Martin's pro se brief points to appellate counsel's deficient
performance in failing to raise several purportedly meritorious issues, one of which is
ineffective assistance of trial counsel for failing to seek a speedy trial or to move for
dismissal for failing to provide Martin with a speedy trial. 

 The record indicates that Martin was indicted and arrested for the offense in question
on December 6, 2001. His trial commenced on August 16, 2004. Roughly two years and
eight months passed from the day of Martin's indictment and arrest to commencement of his
trial. As correctly noted by the State in its brief, almost one year passed from the filing of
Martin's pro se speedy trial motion to commencement of trial. There is no explanation in the
record as to why trial counsel did not attempt to invoke Martin's right to speedy trial. Except
for a period when trial counsel was under a doctor's care after emergency surgery, the face
of the record does not provide an explanation for the lengthy delay other than possibly a
crowded docket. 

 In his pro se speedy trial motion, Martin alleges he "has lost key witnesses in his
defense due to Death [sic] One [sic] Willy Lawarnce [sic] Wells who passed away on March
12th, 2003." We find no further mention of this potential witness in the record nor does
Martin discuss him in his pro se appellate brief. 

 The record indicates that the trial court entered its judgment of conviction on October
19, 2004; that appellate counsel was appointed the next day, October 20, 2004; and that
Martin filed a pro se motion for new trial on October 26, 2004. A window of over two
months was provided during which time an evidentiary hearing on the motion for new trial
could have taken place to adduce facts not otherwise present in the trial record, such as
explanation of counsel's trial strategy. See Tex. R. App. P. 21.2, 21.8. However, that
opportunity has been lost, as Martin's motion for new trial apparently was never presented
and was overruled by operation of law. See Tex. R. App. P. 21.6, 21.8©. 

 Without any evidence explaining trial counsel's strategy for any act or omission
complained of, the record before us is not sufficient to establish that, but for any
unprofessional errors by either trial or appellate counsel, the result of Martin's appeal would
be different, as his complaints regarding deficient performance of appellate counsel are
inextricably linked to the allegedly deficient performance of trial counsel. See Robbins, 528
U.S. at 286 n.14 (quoting Strickland, 466 U.S. at 697). 

 After careful review of the entire record, we must agree with appellate counsel's
ultimate conclusion that direct appeal by Martin is frivolous, and it is not necessary to order
appointment of new appellate counsel. Cf. Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991). This is especially the case in light of the fact that trial counsel had no
opportunity, either by way of testimony or affidavit, to state his reasons for the various
strategic decisions made during the course of his representation of Martin. Trial counsel
would have such an opportunity, however, during a hearing conducted upon an application
for writ of habeas corpus filed on Martin's behalf. Although a violation of a defendant's
speedy trial rights is not cognizable in a post-conviction application for writ of habeas
corpus, a complaint of ineffective assistance of counsel for, inter alia, failing to invoke a
defendant's speedy trial rights is. See Ex parte Owenby, 749 S.W.2d 880, 881 (Tex. Crim.
App. 1988). The judgment of the trial court is affirmed. (4) 

 AFFIRMED. 

 __________________________________

 CHARLES KREGER

 Justice

Submitted on April 6, 2007

Opinion Delivered May 16, 2007

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. The offense date alleged was "on or about" August 2, 2001. As the amendments
to section 22.021 since the 1999 legislative session are not material to the issues before
us, we cite to the current version of the statute. 
2. A copy of the PSI was not included among the various papers and exhibits
contained in the record before us.
3. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
4. Martin may challenge our decision in this case by filing a petition for
discretionary review. See Tex. R. App. P. 68; Bledsoe v. State, 178 S.W.3d 824, 827 n.6
(Tex. Crim. App. 2005).