**Ex parte Bobby Aralan OWENBY.**

**No. 69707.**

Court of Criminal Appeals of Texas,
En Banc.

May 11, 1988.

Bobby Aralan Owenby, pro se.

Robert Huttash, State's Atty., Austin, for State.

## OPINION

McCORMICK, Judge.

This is a post conviction application for writ of habeas corpus. Article 11.07, V.A.C.C.P. Applicant raises three grounds for relief: (1) he contends that his rights under Article 32A.02, V.A.C.C.P., (the Speedy Trial Act) were violated by the State; (2) the judgment against him is void in that he was convicted and sentenced under the terms of H.B. 730; and (3) his appellate counsel was ineffective for failing to raise these grounds on appeal.

We will address applicant's claims regarding the Speedy Trial Act first. As to his claim that his speedy trial rights were violated, we note that such a claim is not cognizable in a post conviction application for writ of habeas corpus. A violation of the Speedy Trial Act is a nonjurisdictional defect. *Dees v. State*, 676 S.W.2d 403 (Tex. Cr.App.1984).[1] Furthermore, under this Court's holdings in *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App.1987), and *Chacon v. State*, 745 S.W.2d 377 (Tex.Cr.App.1988), relief based on such claim would not be available.

Regarding his contention of ineffective assistance of counsel for failure to raise the speedy trial question on appeal, we note that the test for determining ineffectiveness of counsel is set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The *Strickland* test requires the accused to show first, that counsel's representation fell below an objective standard of reasonableness; and second, the accused must show that this deficient performance prejudiced the defense. This second prong requires that in the instant case the applicant must be able to show that the outcome of his appeal would be different if he was now allowed an out-of-time appeal of this issue. Unfortunately for applicant, such a showing would be impossible in light of our recent decision in *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App.1987), wherein we held the Speedy Trial Act to be unconstitutional and void. Because applicant cannot fulfill the burden of satisfying the second prong of *Strickland*, we cannot say his appellate counsel was ineffective.

Although we do not find that applicant is entitled to relief on speedy trial grounds, our review of his second ground shows that a grant of relief is in order. Applicant contends that the judgment against him is invalid because he was charged and convicted under the terms of a void statute, namely Article 4476–15, V.A.C.S., the Controlled Substances Act, as amended by H.B. 730 (1981).[2] Applicant acknowledges the portion of our opinion in *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr.App.1983), in which we declared the 1981 amendment contained in H.B. 730 to be unconstitutional. However, he asserts that *Crisp* did not answer "the question of whether an indictment and/or judgment rendered under the terms of a void statute is in itself void." He argues that a void statute can never be the basis for a valid conviction. Applicant seems to be ignoring an important part of our opinion in *Crisp* wherein we stated the following:

1. We are cognizant of our opinions in *Ex parte Powell*, 699 S.W.2d 841 (Tex.Cr.App.1985) and *Ex parte Hilliard*, 687 S.W.2d 316 (Tex.Cr.App. 1985) in which we addressed the merits of the applicants' Speedy Trial Act claims. However in those cases the issue raised by both applicants concerned the question of whether by pleading guilty to the charge, each applicant had waived his right to appeal his speedy trial claim. In both cases we held that such claims had not been waived and thus granted both applicants out-of-time appeals. Since the appellate records in both cases were in our Court, in the interest of judicial economy we addressed the merits of the applicants' claims in our opinions on the applications for the writ of habeas corpus.

2. H.B. 730, Acts of the 67th Leg., Reg. Sess., 1981, Ch. 268, Pg. 696–708, Eff. Sept. 1, 1981.

"... We now turn to the issue of what effect our holding has on the provisions of the Controlled Substances Act which the Legislature sought to amend through H.B. 730.

"If an amendment to an act is declared unconstitutional and invalid, the original act remains in full force and effect, even if the amendment has no savings clause. *White* [*v. State*, 440 S.W.2d 660 (Tex.Cr. App.1969)], supra at 667, citing *Doucette v. State*, 166 Tex.Cr.R. 596, 317 S.W.2d 200 (1958). We therefore hold that the Controlled Substances Act stands as though H.B. 730 had never been enacted.

"Accordingly, given that the indictments in the instant case allege possession of a quantity of marihuana of more than four ounces, which was an offense under the law as it existed before H.B. 730 was passed, the judgment of the Court of Appeals is affirmed. See *Ex parte Heartsill*, 118 Tex.Cr.R. 157, 38 S.W.2d 803 (1931)." 661 S.W.2d at 948.

See also 42 Tex.Jur. 3d *Constitutional Law* Section 41; 53 Tex.Jur. 2d *Statutes* Section 91. Because our decision in *Crisp* did not declare the whole Controlled Substances Act unconstitutional but rather declared only an amendment to the Controlled Substances Act unconstitutional, the Controlled Substances Act, as it existed prior to the 1981 amendment, applies to applicant's conviction. Thus applicant's conviction is not based upon either a void indictment or a void statute. Therefore his conviction is not void.

█ The question remains, however, whether applicant is entitled to some kind of relief because of our decision in *Crisp*. The record before us shows that appellant was convicted of the offense of possessing methamphetamine with intent to deliver. The count of the indictment under which applicant was convicted alleged in pertinent part that:

"the said defendant did then and there intentionally and knowingly possess, by actual care, custody, control and management, with intent to deliver a controlled substance, to-wit: methamphetamine, in an amount, by aggregate weight, including any adulterants and dilutants, of less than 28 grams, ..."

The State alleged that applicant committed his offense on or about January 1, 1983. Thus applicant was charged pursuant to the amendments contained in H.B. 730. The 1981 amendment to Sec. 4.03 of the Controlled Substances Act stated, in pertinent part, as follows:

"(a) Except as authorized by this Act, a person commits an offense if he knowingly, or intentionally manufactures, delivers, or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1.

"(b) An offense under Subsection (a) of this section is a felony of the first degree if the amount of the controlled substance manufactured, delivered, or possessed with intent to manufacture or deliver is, by aggregate weight, including any adulterants or dilutants, less than 28 grams."

The 1981 amendment to Section 4.01(b)(1) reads as follows:

"(1) Felonies of the first degree. An individual adjudged guilty of a felony of the first degree shall be punished by confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 5 years. In addition to imprisonment, an individual adjudged guilty of a felony of the first degree may be punished by a fine not to exceed $20,000."

The pre-amendment version of the Controlled Substances Act also provided that possession of methamphetamine with the intent to deliver was a first degree felony. The only deviation from H.B. 730 came in Sec. 4.01(b)(1) whereby the punishment range was defined as follows:

"(1) Felonies of the first degree. An individual adjudged guilty of a felony of the first degree shall be punished by confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 5 years."

Applicant was convicted after a trial by the court. Punishment was assessed by the trial court at 20 years' confinement with no fine.

The issue remaining before us then is: Must applicant be accorded any kind of relief because the range of punishment applicable under H.B. 730 differed from the pre-amendment Controlled Substances Act by the fact that H.B. 730 provided for the assessment of a fine up to $20,000, even though no fine was assessed against applicant? Based on the record before us we are unable to say that the trial court did not take into consideration the possibility of a fine in assessing punishment. Therefore, we find that applicant is entitled to relief.

It is well established that if an error relates to the punishment only, and the trial court assessed the punishment, then the proper remedy is to remand the case for a new punishment hearing by the court and not for a new trial on the merits. *Wahl v. State*, 693 S.W.2d 942 (Tex.Cr.App. 1985). *See also*, Article 44.29, V.A.C.C.P.

The relief prayed for is granted to the extent necessary. Applicant is remanded to the custody of the sheriff of Williamson County for further proceedings consistent with this opinion.

Copies of this opinion will be sent to The Texas Department of Corrections and the Texas Board of Pardons and Paroles.

WHITE, J , dissents.