IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-75,428-01





EX PARTE WILLIAM DARIN IRVAN







ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NO. 864928-A IN THE
 180TH DISTRICT COURT FROM HARRIS COUNTY




 Per Curiam. 

 

 ORDER



 

 This is an application for writ of habeas corpus filed pursuant to the provisions of
Article 11.071, Tex. Code Crim. Proc.

 In December 2003, applicant was convicted of the offense of capital murder. The jury
answered the special issues submitted pursuant to Article 37.071, Tex. Code Crim. Proc.,
and the trial court, accordingly, set punishment at death. This Court affirmed applicant's
conviction and sentence on direct appeal. Irvan v. State, No. AP-74,853 (Tex. Crim. App.
delivered June 7, 2006) (not designated for publication).

 Applicant presents forty-six allegations in his application in which he challenges the
validity of his conviction and resulting sentence. The trial court did not hold an evidentiary
hearing. The trial court adopted the State's proposed findings of fact and conclusions of law
recommending that the relief sought be denied. 

 This Court has reviewed the record with respect to the allegations made by applicant. 
We adopt the trial judge's findings and conclusions except for finding of fact 61 and
conclusion of law 11 regarding applicant's sixth ground for relief. Applicant's sixth ground,
in which he claims that he was denied the right to a speedy trial under the federal
constitution, is cognizable. Only state speedy trial claims are not cognizable on habeas, (1) and
applicant does not present such a claim in his application for a writ of habeas corpus. 
Additionally, we note that ground for relief one is also procedurally barred because it could
have been raised on direct appeal. (2) Grounds for relief twenty-one through twenty-three,
while they should have been raised on direct appeal, are also not cognizable. (3) Finally,
grounds for relief thirty-five through forty are also procedurally barred because they were
raised and rejected on direct appeal. (4) Therefore, based upon the trial court's findings and
conclusions and our own review, we deny relief. 

 IT IS SO ORDERED THIS THE 8th DAY OF JUNE, 2011.

 

Do Not Publish 
1. Ex parte Owenby, 749 S.W.2d 880, 881 (Tex. Crim. App. 1988).
2. Ex parte Banks, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989).
3. Ex parte Baker, 185 S.W.3d 894, 898 (Tex. Crim. App. 2006); see also Ex parte Reed,
271 S.W.3d 698, 727-28 (Tex. Crim. App. 2008).
4. Ex parte Acosta, 672 S.W.2d 470, 472 (Tex. Crim. App. 1984).