No. _____ 72,726-32
33
34

Ex Parte
Troy Lee Perkins,
TDCJ No. 1480826

§
§
§
§
§

IN THE 3rd COURT OF
CRIMINAL APPEALS
OF TEXAS

This document contains some pages that are of poor quality at the time of imaging.

## HABEAS CORPUS APPLICANTS TRAUERSE TO THE 282ND DISTRICT COURTS ADOPTION OF STATES FINDINGS

TO THE HONORABLE JUSTICES OF COURT OF CRIMINAL APPEALS:
COMES NOW, TROY Lee PerKins, #1480826; WHOM IS NOT AN ATTORNEY; Yet, WISHES this COURT to View this MOTION Liberally, CONSTRUED in petitioner pro se's favor - Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 05 2015

Abel Acosta, Clerk

### ERRORS

WHeras; the States Findings of Fact and Con--Clusions of Law, are in error - many times -

1) The State's Findings, page 1 - 1st paragraph, ... the COURT finds there are no controverted, previously un- - resolved facts material to the legality of Applicant's confinement ..... _ This statement by the COURT shows nothing in the first habeas corpus were ever completed.

2) The first habeas proceeding, the 282nd Judicial DISTRICT COURT ORDERED the Applicants trial court counsel

To Answer the Applicant's Ineffective Assistance of Counsel claim via an Affidavit — within Mr. Bret E. Martin's Affidavit; he claims that he and the defendant discussed his mental health history ---- etc—

3) By counsel's own admission of discussing his clients mental Health history; and Mr. Bret E. Martin's own admission to being an Assistant District Attorney, he cannot claim that he was not aware of his obligations to his client; in respect to his mental health; by not complying with well-established Texas law— Refer to Texas Code of Criminal Procedure, article 16.22— Examination and Transfer of Defendant Suspected of Having Mental Illness or Mental Retardation; and, article 46B.102— Civil Commitment Hearing: Mental Illness—

## FACTS OF I.A.C.

The Court of Criminal Appeals of Texas has determined; in Thompson v. State, 9 Sw 3d 808; that it must follow the Supreme Court of the United States' two-pronged Strickland test to determine whether counsel's representation was inadequate so as to violate a defendant's Sixth Amendment right to counsel [at 812, (1,2)] Hernandez v. State, 726 sw 2d 53, 55

This two-pronged test is the benchmark for judging whether counsel's conduct so undermined the proper func-tioning of the adversarial process that the trial cannot be relied on as having produced a reliable result. McFar-land v. State, 845 sw2d 824, 843 ___ —

We now review this two-pronged test; as outlined in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed2d 674 — At 2075 [10] A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction ___ has two components —

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

## TWO-PRONGED TEST

1) From the first state habeas corpus; W07-00645-5(A), W07-71769-5(A), W07-71970-5(A), and W07-71980-5(A); the 282nd Judicial District Court of Dallas county, Texas ORDERED Mr. Bret E. Martin, defendant's court-appointed counsel, to answer to the ineffective assistance of counsel claim, of Mr. Perkins, via Affidavit to the 282nd J.D.C. —

(1a) In this 'Affidavit of Bret Martin' on 1 June 2010; mr. Martin claims, pg. 2, that "Mr. Perkins and I discussed his mental health history ---- Furthermore, I am certain there was no ----- —

First Prong met here:

1) Counsel's performance was deficient; in that, as the counsel's 'Affidavit of Bret Martin' stated that he had been an Asst. District Attorney and as a lawyer, practicing since 1995; Mr. Martin knew, or should have known, that his client (upon receiving information that his client may be mentally ill) must have a mental illness hearing — This is pursuant to: Texas C.Cr.P., art. 46B, 102

Counsel did nothing, in compliance with state law;

and protecting every right due his client.

Second Prong met:

1) This deficient performance prejudiced the defense; in that:

1a) If counsel would have gotten Mr. Perkins, his client, this hearing; Mr. Perkins would have been able to choose Mental Health Court Program, as outlined in: Texas Health and Safety Code § 616.003 (2)(B)

1b) Thus, Mr. Perkins would not have been sent to state prison. The Mental Health Court Program does not hold authority to sentence to State Prison.

1c) Defendant has been deprived of all the benefits of the Mental Health Court Program, just as others received in that Court. Mr. Perkins was in county jail with numerous persons, as himself, with mental illness; whose attorney's brought them to the Mental Health Court Program. The Defendant MUST first have had his Mental Illness Court hearing, to get this Mental Health Court Program.

## MERITS of HABEAS CORPUS

The Merits of Applicant's writ of habeas corpus; in his first habeas has not been addressed, as the 282nd JUDICIAL DISTRICT COURTS FINDINGS, pg. 1, claim — Mr. Martin submitted his Affidavit, June of 2010, and Mr. Perkins' requests for evidentiary hearing on this ineffective assistance of counsel was never answered —

It is evident that; in the applicant's first habeas; the State's Response, pg. 1, 'ISSUES RAISED IN APPLICATION (1) Applicant asserts ---- in violation of §616.003 of the Health & Safety Code, ---- As it was changed by the Court's Master, Ms. April E. Smith, in the findings of Fact ---, pg. 1, to Health & Safety Code § 616.002 —

then; the Findings of Fact, pgs. 3-4, claim that the Applicant has failed to prove he was entitled to have his case heard in a "mental illness court" —

Whereas; the "COURTS MASTER", Ms. April E. Smith, perverted the Applicant's Claim; thus the 'true merits' of the applicant's claim were never addressed, and MOTION for Evidentiary Hearing never answered. This entitles Applicant to have his habeas corpus 'scrutinized' very closely —

Applicant is, also, entitled to an evidentiary hearing on his habeas corpus; to resolve these unresolved issues; Requiring cross-examination of attorney, Mr. Bret E. Martin, for ineffective assistance of counsel —

PRAYER

Applicant PRAYS this COURT grant evidentiary hearing on the Original issues 'of applicant's' claims —
Applicant PRAYS this COURT grant this habeas corpus, remanding back to the trial court, for further proceedings; determining Applicants ineffective assistant of counsel claims —

Applicant PRAYS this COURT grant habeas corpus, expediently as possible; relieving this Applicant of any further prejudice — Applicant has attached copies of first trial court claims, and PRAYS this COURT use 'Affidavit of Bret Martin' to discern if these allegations of I.A.C. be TRUE; as the MOTION, herein, describes; According to the, Strickland, Two-prong test described —

Executed this 30th day of December 2014

Respectfully Submitted,

_____
Troy Lee Perkins, #1480826
Applicant pro se

Inmates Declaration
(28 USCA § 1746)

I, Troy Lee Perkins, #1480826, do hereby DECLARE, under penalty of perjury, that everything herein and supplied, is TRUE AND CORRECT, to the best of my belief.

Sign _____
Troy Lee Perkins, #1480826
DECLARANT Szyoth So

Attached: 'Affidavit of Bret Martin', 2 ppss
* first habeas (un resolved) State's Response, 3 ppss
* Order Designating Issues, 1 pg.
* Findings of Fact, 5 ppss.
* New ORDER DESIGNATING ISSUES
* STATES FINDINGS 10-12-2014
ORIG = COURT of CRIMINAL APPEALS of TEXAS
CC = File

WRIT NO. W07-00645(A); W07-71769(A); W07-71970 & 90(A)

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 282ND JUDICIAL |
| | § | |
| V. | § | |
| | § | DISTRICT COURT |
| | § | |
| | § | |
| TROY LEE PERKINS | § | DALLAS COUNTY, TEXAS |

## AFFIDAVIT OF BRET MARTIN

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

Before me, the undersigned authority, on this day personally appeared BRET MARTIN, whom I identified by his Texas driver's license, and after being duly sworn, stated as follows:

"My name is Bret Martin. I am over twenty-one (21) years of age, of sound mind, have never been convicted of crime involving moral turpitude and am competent to make this affidavit because I have personal knowledge of the facts stated herein and they are true and correct.

"I am a lawyer licensed to practice in the State of Texas since November 1995. I have practiced criminal law in Dallas since that time both as an Assistant District Attorney and as a lawyer in private practice. I have been in good standing with the State Bar of Texas at all times.

"I was appointed to represent a man by the name of Troy Lee Perkins back on March 27, 2007. Mr. Perkins was being charged with four separate aggravated robberies, in Cause numbers F07-00645, F07-71769 and F07-71770 & 90. The offenses carried a range of punishment between 15 years confinement in the Texas Department of Criminal Justice and life, due to the Defendant having an enhancement paragraph resulting from a previous trip to the penitentiary. The Defendant was initially offered 40 years in TDC by the prosecutor handling the case.

"I interviewed Mr. Perkins and discussed with him the merits of each of the cases against him. We also discussed all of his options that he had available to him. Those options were 1.) to try to work out a plea bargain in the case; 2.) to plead guilty and allow the court or a jury to set his punishment if he did not like the plea bargain offers; 3.) plead not guilty and present his case to the Judge to decide his guilt or innocence; or 4.) plead not guilty and present his case to a jury and allow them to decide his guilt or innocence. I also explained to Mr. Perkins that there was videotape evidence of him committing these offenses and the difficulties that such evidence would present. Mr. Perkins decided to proceed to a jury trial.

027

He understood the factual allegations against him as well as all of the consequences of the decisions which he was making.

"On the morning of January 7, 2008, we gathered in the 282nd District Court in preparation for a jury trial and the jury arrived and we were soon to begin the voir dire process. At that time, the Assistant District Attorney made an offer to Mr. Perkins to drop his enhancement paragraph and give him 12 years on each of the four cases. That was three years below the statutory minimum that he could receive from the jury and 28 years below the prosecutor's initial recommendation.

"During my representation, Mr. Perkins appeared to be of sound mind and good judgment. Mr. Perkins understood the serious nature of the offenses and the consequences of proceeding to jury trial. He also understood that these cases would require him to serve a minimum of 50% of his sentence because of the deadly weapon finding. He was provided legal representation the entire time he was incarcerated and had communication with me throughout the entire process. Mr. Perkins and I discussed his mental health history and he acknowledged and agreed that while that was a part of his medical history, that in no way contributed to his committing of the offenses. Furthermore, I am certain that there was no mental health problems involved in his understanding or his decision making regarding both sides reaching this plea bargain agreement. It was simply the best, most responsible manner in which to resolve these very dangerous crimes. The Defendant was well informed and absolutely understood the options that he had and the consequences of each and every choice that was available to him."

*Claiming He Knew of My Illness, however He turns into A psychiatrist*

Further, Affiant sayeth naught.

BRET E. MARTIN

SWORN TO AND SUBSCRIBED BEFORE ME, this **1st** day of **June** , 2010.

Notary Public, in and for
The State of Texas
My commission expires:_____

JOSEPH E. PHILLIPS
Notary Public,
State of Texas
Comm. Exp. 04-18-13

028

## WRIT NO. W07-71970-S(A)

| | | |
|---|---|---|
| EX PARTE | § | IN THE 282nd JUDICIAL |
| | § | DISTRICT COURT OF |
| TROY LEE PERKINS | § | DALLAS COUNTY, TEXAS |

## STATE'S RESPONSE TO APPLICATION
## FOR WRIT OF HABEAS CORPUS

The State, having considered the allegations contained in Applicant's Application for Writ of Habeas Corpus in the above-numbered and entitled cause, makes the following response:

## I.

## HISTORY OF THE CASE

Applicant entered a plea of guilty on January 7, 2008 to the charge of aggravated robbery by using a deadly weapon. He was sentenced in this case, and for three like offenses in three other cases, to 12 years' confinement in prison. The four sentences run concurrently. Applicant waived his right of appeal.

This is Applicant's first application for writ of habeas corpus.

## II.

## ISSUES RAISED IN APPLICATION

Applicant asserts (1) he was denied special needs representation and treated without concern for his mental defect, supposedly in violation of §616.003 of the Health & Safety

1

Code, (2) unspecified court procedures were not followed and his trial counsel was constitutionally ineffective, (3) he is not receiving proper psychiatric care contrary to the Eighth Amendment, (4) he is incarcerated with numerous violent persons, who constantly psychologically abuse him, contrary to the Eighth Amendment, and (5) he did not receive a speedy trial.

## III.

## STATE'S RESPONSE

Applicant vaguely alleges some grounds that might entitle him to relief, but without sufficiently describing what occurred in his case that might constitute a constitutional violation. He further alleges things that would not affect the legality of his confinement. It is not possible to respond intelligently to the Application. It fails to "contain sworn allegations of *fact* rather than mere conclusions." *Cf. Ex parte Young*, 418 S.W.2d 824, 829 (Tex.Crim.App. 1967); *see also Ex parte McCain*, 67 S.W.3d 204, 209 n. 10 (Tex.Crim.App. 2002) and *Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex.Crim.App. 2000).

It can be noted generally, however, that the conditions of incarceration do not involve constitutional issues. "[I]t is abundantly clear that a myriad of problems of prison administration must remain beyond the scope of proper judicial concern. Only significant deprivations of liberty raise constitutional issues." *Meachum v. Fano*, 427 U.S. 215, 235 n. 7, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (Stevens, Brennan and Marshall, JJ., dissenting). "A habeas claim is not ordinarily thought to 'accrue' while the inmate is housed in prison

2

because habeas claims challenge the fact or duration of confinement (or restraint) rather than the conditions of confinement." *Ex parte Rieck*, 144 S.W.3d 510, 519 (Tex.Crim.App. 2004).

## IV.

## CONCLUSION

The State respectfully requests that this Court recommend denial or dismissal of the Application for Writ of Habeas Corpus on its face.

Respectfully submitted,

CRAIG WATKINS
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS


MARTIN L. PETERSON
ASSISTANT DISTRICT ATTORNEY
STATE BAR NO. 15838600
FRANK CROWLEY COURTS BUILDING
133 N. INDUSTRIAL BLVD., LB-19
DALLAS, TEXAS 75207-4399
(214) 653-3647


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing response has been served on Applicant, Troy L. Perkins, TDCJ # 01480826, Wynne Unit, Huntsville, Texas 77349 on this 8th day of May, 2009.


MARTIN L. PETERSON.

3

CAUSE NO. W07-71970-S(A)

| EX PARTE | * | IN THE 282 |
| Troy Lee Perkins, | * | JUDICIAL DISTRICT COURT |
| APPLICANT | * | DALLAS COUNTY, TEXAS |

## ORDER DESIGNATING ISSUES

Having considered the applicant's Application for Writ of Habeas Corpus and the State's Response, the Court finds that controverted, previously unresolved facts material to the legality of the Applicant's confinement exist. The Court finds that each of the allegations set forth in the application are controverted, unresolved factual issues which require additional evidence and/or testimony to be resolved.

The court appoints April E. Smith to resolve the issues and prepare findings of fact and conclusions of law for the Court. The issues may be resolved by affidavits, depositions, interrogatories, or by hearings, as deemed necessary by the person appointed herein.

*Above appointed attorney does not represent the Applicant. Applicant is not entitled to counsel at this time.*

The Clerk of the Court is ORDERED to send a copy of this order to the Court of Criminal Appeals in Austin, TX, to Applicant, or Applicant's counsel (if so represented) and to counsel for the State.

MAY 1 8 2009

Signed this _____ day of _____, 2009.

_____
JUDGE

WRIT NO. W07-71970-S(A)

| | | |
|---|---|---|
| EX PARTE | * | IN THE 282ND JUDICIAL |
| TROY LEE PERKINS, | * | DISTRICT COURT |
| APPLICANT | * | DALLAS COUNTY, TEXAS. |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On this day came on to be considered Applicant's Application for Writ of Habeas Corpus and the State's Response. Having considered these pleadings and the official court records, as well as all exhibits and affidavits offered by both parties, this Court enters the following findings of fact and conclusions of law.

## HISTORY OF THE CASE

Applicant was convicted of aggravated robbery and was sentenced to 12 years confinement. This is his first application for writ of habeas corpus.

## ISSUES RAISED IN APPLICATION

Applicant asserts that he was denied special needs representation due to his psychiatric issues. He asserts that his case should have been heard by a mental illness court as provided by TEX. HEALTH & SAFETY CODE ANN. § 616.002

Applicant asserts that he was denied due process due to his special needs when court procedures were not followed and he received ineffective assistance of counsel.

Applicant asserts that his sentence amounts to cruel and unusual punishment because he is

Findings of Fact and Conclusions of Law                                             Page 1

not being afforded proper psychiatric care.

Applicant asserts that he is being threatened in TDCJ due to his psychiatric issues.

Applicant asserts that he was denied a speedy trial.

## RELEVANT EVIDENCE

Bret Martin, Applicant's attorney, has responded to the allegations by affidavit. The Court finds him to be trustworthy.

## RELEVANT LAW

### Burden of Proof

Applicant has the burden to allege and prove by a preponderance of the evidence facts which entitle him to relief. *See Ex parte Maldonado,* 688 S.W.2d 114, 116 (Tex. Crim. App. 1985); *Ex parte Adams,* 768 S.W.2d 281, 288-289 (Tex. Crim. App. 1989). Conclusory allegations are not enough to warrant habeas relief. *Ex parte Young,* 418 S.W.2d 824 (Tex. Crim. App. 1967).

### Ineffective Assistance of Counsel

When an Applicant alleges ineffective assistance of counsel, Applicant must first prove that counsel's representation fell below an objective standard of reasonableness; and secondly, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have differed. *Strickland v. Washington,* 466 U.S. 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986). The right to counsel does not guarantee errorless counsel whose competence is judge by hindsight; rather, it affords a defendant an attorney reasonably likely to render reasonably effective assistance. *See Thompson v.* 023

Findings of Fact and Conclusions of Law                                                                                 Page 2

*State,* 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Counsel's competence is presumed, and Applicant must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Kimmelman v. Morrison,* 477 U.S. 365, 384 (1986); *Thompson,* 9 S.W.3d at 814.

<u>Cognizable Issues</u>

Cognizable claims on habeas are limited to two categories: (1) jurisdictional defects in the convicting court; and (2) the denial of a fundamental constitutional right. *Ex parte Williams,* 65 S.W.3d 656, 657 (Tex. Crim. App. 2001). The purpose to be served by a post conviction writ of habeas corpus is limited, and "lies only to review jurisdictional defects or denials of fundamental or constitutional rights." *Ex parte Watson,* 601 S.W.2d 350 (Tex. Crim. App. 1980). Failure to adhere to a legislative directive or mode of proceeding designed to safeguard a constitutional right will likewise be cognizable only when the omission results in the denial of a constitutional protection. *Ex parte Sadberry,* 864 S.W.2d 541 (Tex. Crim. App. 1993).

Generally, conditions of confinement do not involve constitutional issues. *See Meachum v. Fano,* 427 U.S. 215, 235 n. 7, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976).

<u>Speedy Trial</u>

Speedy trial claims are not cognizable in post-conviction habeas proceedings. *Ex parte Owenby,* 749 S.W.2d 880, 881 (Tex. Crim. App. 1988) (violation of Speedy Trial Act is non-jurisdictional defect which cannot be raised on habeas review).

## FINDINGS OF FACT

024

The Court finds that Applicant has failed to prove that he was entitled to have his case heard

in a "mental illness court". The statute cited by Applicant provides that the county may provide for such court. It does not, however, state that all cases where a defendant is alleged to be mentally ill shall be transferred to that court. Applicant has not proven that he had a mental illness which entitled his case to be transferred for disposition to that Court. Applicant's counsel indicates that Applicant was able to communicate with him regarding the case and understood the options for disposing of the case.

The Court finds that Applicant has failed to prove that he received ineffective assistance of counsel. Applicant makes no specific allegations of ineffectiveness for counsel to respond to. However, counsel has provided an affidavit which sets out his representation in this case. Furthermore, Applicant has not stated which court procedures were not followed.

With regard to issues three, four and five, the Court finds that Applicant has not raised a constitutional issue that is cognizable on habeas.

## CONCLUSIONS OF LAW

The Court concludes that Applicant has failed to prove that he was entitled to have his case heard in a "mental illness court".

The Court concludes that Applicant has failed to prove that he received ineffective assistance of counsel. Furthermore, Applicant has not stated which court procedures were not followed.

With regard to issues three, four and five, the Court concludes that Applicant has not raised a constitutional issue that is cognizable on habeas.

**Scanned Jul 29, 2010**

## COURT'S RECOMMENDATION

This Court recommends that this writ of habeas corpus be DENIED.

## ORDERS OF THE COURT

In implementing the Court's Finding of Fact and Conclusions of Law, the Clerk will:

1. Prepare a transcript of papers in this cause and transmit the Court's Order and the Findings of Fact and Conclusions of Law, including the judgment and indictment, all plea papers, if any, and the Court of Appeals opinion, if any, to the Court of Criminal Appeals as provided by TEX. CODE CRIM. PROC. ANN. art. 11.07.

2. Send a copy of this Order and the Findings of Fact and Conclusions of Law to the Applicant and his counsel, if any, by depositing same in the U.S. Mail.

Signed and entered  6/16/10 .

JUDGE

Findings of Fact and Conclusions of Law        Page 5

CAUSE NO. W07-00645-S(H)

EX PARTE                          *        IN THE 282ND JUDICIAL

TROY LEE PERKINS,                 *        DISTRICT COURT

APPLICANT                         *        DALLAS COUNTY, TEXAS

ORDER DESIGNATING ISSUES

Having considered the applicant's Application for Writ of Habeas Corpus and the State's Response, the Court finds that controverted, previously unresolved facts material to the legality of the Applicant's confinement exist. The Court finds that each of the allegations set forth in the application are controverted, unresolved factual issues which require additional evidence and/or testimony to be resolved.

The court appoints April E. Smith to resolve the issues and prepare findings of fact and conclusions of law for the Court. The issues may be resolved by affidavits, depositions, interrogatories, or by hearings, as deemed necessary by the person appointed herein.

*Above appointed attorney does not represent the Applicant. Applicant is not entitled to counsel at this time.*

The Clerk of the Court is ORDERED to send a copy of this order to Applicant, or Applicant's counsel (if so represented) and to counsel for the State.

Signed this ____ 10 ____ day of ____ 12 ____ 2014.

_____
JUDGE

## WRIT NO. W07-00645-S(H)

| | | |
|---|---|---|
| EX PARTE | § | IN THE 282ND JUDICIAL |
| | § | DISTRICT COURT |
| TROY LEE PERKINS | § | DALLAS COUNTY, TEXAS |

### STATE'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

Having considered Applicant's Application for Writ of Habeas Corpus, the State's Response, and official court records of the challenged conviction, the Court finds there are no controverted, previously unresolved facts material to the legality of Applicant's confinement which require an evidentiary hearing. The Court adopts as Findings of Fact the history of the case as set forth in the State's Response and further makes the following findings of fact:

1. The Court recalls that this is Applicant's eighth application for writ of habeas corpus. His first and sixth applications were denied on the merits. His second, third, fourth, fifth, and seventh applications were dismissed pursuant to article 11.07, section 4 of the Code of Criminal Procedure.

2. The Court finds that Applicant has failed to allege sufficient specific facts establishing that the grounds asserted in the present application could not have been presented previously because the factual or legal basis for the claims was unavailable. The Court also finds Applicant has failed to allege

1

sufficient facts establishing that, by a preponderance of the evidence, but for the violation of the United States Constitution, no rational juror could have found him guilty beyond a reasonable doubt.

3. Accordingly, the Court finds Applicant has failed to establish an exception to section 4's procedural bar. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 4 (West Supp. 2013).

4. The Court also finds that Applicant has not met any of the statutory predicates for raising a time credit complaint, which is the sole issue raised in his present application.

5. The Court recommends the dismissal of Applicant's Application for Writ of Habeas Corpus.

6. The Court also recommends that Applicant be cited for abuse of the writ.

## ORDERS OF THE COURT

In implementing the Court's Findings of Fact and Conclusions of Law, the CLERK IS ORDERED to:

1. Prepare a transcript of all papers in this cause and transmit the Court's Findings and Order, including the judgment and indictment, docket sheets, and other exhibits and evidentiary matter filed in the trial records of this

2

cause to the Court of Criminal Appeals as provided by article 11.07 of the Texas Code of Criminal Procedure.

2. Send a copy of these Findings of Fact, Conclusions of Law, and Order to Applicant and his counsel, if any, and to Christine S. Ou, attorney for the State, by depositing same in the U.S. mail.

By the following signature, the Court adopts the State's Proposed Findings of Fact, Conclusions of Law, and Order.

SIGNED this __10__ day of __12_____, 201_4_.

_____
**JUDGE PRESIDING**

3