Honorable Clerk;
Mr. Abel Acosta,

1, MAY 2015

Mr. Troy Lee Perkins, #1480826
TDCJ- Alfred D. Hughes Unit
Rt-2- Box 4400
Gatesville, Texas 76597

72, 726-32,33,34,
35

RE: Filed date stamped copy
return service

MOTION DENIED
DATE: 5-8-15
BY: pc

I am providing you a carbon copy of my Original Appeal MOTION; requesting return service As "filed date stamped" copy to me_ thank you for all your time, efforts, patience and service in this matter_

Best Regards,

Mr. Troy Lee Perkins, #1480826

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 05 2015

Abel Acosta, Clerk

No. _____

IN RE:

Ex parte Troy Lee Parkins,
TDCJ No. 1480826

§
§
§
§

IN THE COURT OF
CRIMINAL APPEALS
TEXAS

---

HABEAS CORPUS APPLICANTS ORIGINAL APPEAL IN HABEAS
CORPUS IN Criminal Cases - Pursuant to T.R.A.P., Rule 31 et seq.

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS, JUSTICES:

Comes Now, Troy Lee Parkins, TDCJ No. 1480826; whom is NOT AN ATTORNEY; yet, wishes this COURT to view this MOTION liberally, construed in petitioner pro se's favor - Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed. 2d 652 -

## HABEAS CORPUS APPEAL

Troy Lee Parkins, #1480826; hereinafter Applicant; Comes to this Court to Appeal his state (T.C.C.P., art. 11.07) habeas corpus judgement - This is Pursuant to Texas Rules of Appellate Procedure, Rule 31 et seq. - Applicant's state habeas corpus was never decided upon applicant's

CLAIMS -

## TRIAL COURT ERRORS

Upon Applicant's state habeas proceedings; in the 282<u>nd</u> Judicial District Court, cause no.s W07-00645(A), W07-71769(A), W07-71970(A), and W07-71990(A); the trial courts "FINDINGS of Fact and Conclusions of Law" erroneously reflect applicant's "ISSUES RAISED IN APPLICATION" as: ... He asserts that his case should have been heard by a mental illness court as provided by Tex. Health & Safety Code Ann. § 616.002

Whereas; In the 'State's Response to Application for Writ of Habeas Corpus', Applicant's "ISSUES RAISED IN APPLICATION" correctly reflect that the Applicant quoted<sup>(1)</sup> § 616.003 of the Health and Safety Code,<sup>(2)</sup> ... and trial counsel was ineffective ----

## HARM CAUSED BY ERROR

Applicant has not been afforded DUE PROCESS

NOR, the Equal Protection of the Law; in his U.S. CONSTITUTIONALLY PROTECTED RIGHT TO HABEAS CORPUS.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Applicant can demonstrate; that, but for counsel's ineffectiveness; applicant would never have proceeded to the regular criminal justice system — This can be demonstrated by Counsel's "Affidavit of Bret Martin", 1st day of June 2010; where counsel claims he and I discussed my mental health history — Yet; this Counsel (no trial court strategy concern here) refused to duty bound obligations to request a; Texas C.Cr.P., Article 46B.102 — Civil Commitment Hearing: Mental Illness (a)

1) As this is a "mandatory statute"; it MUST BE ADHERRED TO AND DONE — thus, Any proceeding or act not followed, due to "mandatory statute" invalidates any proceedings pursuant to this — Gutierrez v. Lee, 812 SW2d 388 — Also demonstrating Counsel did not have

firm command of the facts and laws pertaining to his client — Counsel, also, refused to abide by Texas C.Cr.P., Article 16.22 — EXAMINATION AND TRANSFER OF DEFENDANT SUSPECTED OF HAVING MENTAL ILLNESS...

*THIS IS MORE "MANDATORY STATUTE"; that leaves no room for discretion. COUNSEL WAS IN-EFFECTIVE; AND, HAD COUNSEL PERFORMED HIS DUTY AND REPORTED HIS CLIENTS MENTAL ILLNESS; Applicant would have gotten his TRANSFER TO MENTAL HEALTH FACILITY; for treatment and diagnosis/exam for the magistrate; whom, in turn, would have been "duty bound" to offer the Applicant his "CHOICE" of which COURT TO PROCEED THROUGH — As outlined in Applicants ORIGINAL HABEAS CORPUS CLAIM TO: TEXAS HEALTH AND SAFETY CODE ANN. § 616.003 (2)(B) — This "mental illness"(HEALTH) COURT does not have the authority to sentence mentally ill participants to the state penetentiary; where Applicant has been since

5 FEBRUARY 2008 —

## CAUSE FOR APPEAL TO REMAND WITH INSTRUCTIONS

As this Applicant has never had his CLAIMS EXAMINED OR HEARD IN THE TRIAL COURT; AND, THIS APPLICANT HAS DEMONSTRATED (INCLUDING COURT COPIES IN THIS APPEAL) THAT HIS COUNSEL INEFFECTIVE AS SUCH — FOR; DUE PROCESS (ABSOLUTE RIGHT) DEMANDS EFFECTIVE ASSISTANCE OF COUNSEL — APPLICANT, ALSO, DEMONSTRATES HIS CLAIM TO BE "CHANGED BY COURTS FINDINGS OF FACT"; CAUSING APPLICANTS CLAIM OF DENIAL OF MENTAL HEALTH COURT, T.C.Cr.P., ARTICLE 46B.102 HEARING, AND COURTS MANDATORY DUTY WAS NOT FOLLOWED; thus, TRIAL COURT PRACTICES WERE NOT FOLLOWED — This COURT SHOULD REMAND this Applicant's HABEAS CORPUS PROCEEDING BACK TO THE 282rd JUDICIAL DISTRICT COURT; WITH INSTRUCTIONS FOR A FULL AND FAIR EVIDENTIARY

HEARING, APPOINTING COUNSEL TO APPLICANT; FOR A FAIR PROCESS — INSTRUCTIONS TO GRANT HABEAS CORPUS TO APPLICANT, ONCE ALL EVIDENCE IS REVIEWED, SUBSTANTIATED BY Applicant's COUNSEL — AND; ALL OTHER HEARINGS DEEMED NECESSARY by this COURT —

## PRAYER

Applicant PRAYS this COURT GRANT this APPEAL AND GRANT this Applicant/Appellant a REMAND BACK TO TRIAL COURT WITH ALL NECESSARY INSTRUCTIONS FOR A FULL AND FAIR EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL —

Executed this 1st day of MAY 2015 —

Respectfully Submitted,

_[signature]_

Mr. Troy Lee Parkins, #1480826

INMATES DECLARATION
(28 USC § 1746)

Applicant/Appellant, TROY Lee Parkins, #1480826, hereby DECLARES, under penalty of perjury, that everything herein this MOTION is TRUE AND CORRECT, to the best of my belief —

Sign _[signature]_

Troy Lee Parkins, #1480826
Applicant/DECLARANT

ORIG: COURT OF CRIMINAL APPEALS TEXAS
CC: File
ATTACH: 282nd J.D.C. HABEAS DOCUMENTS;
FINDINGS of COURT / STATES RESPONSE / AFFIDAVIT OF BRET MARTIN

No. _____

IN THE COURT OF CRIMINAL APPEALS TEXAS

IN RE:

Ex parte Troy Lee Parkins, TDCJ No. 1480826

§
§
§
§

---

HABEAS CORPUS APPLICANTS ORIGINAL APPEAL IN HABEAS CORPUS IN CRIMINAL CASES - Pursuant to T.R.A.P., Rule 31 et seq.

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS, JUSTICES:

Comes Now, Troy Lee Parkins, TDCJ No. 1480826; whom is NOT AN ATTORNEY; yet, wishes this COURT to view this MOTION liberally, construed in petitioner pro se's favor - Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed. 2d 652 —

## HABEAS CORPUS APPEAL

Troy Lee Parkins, #1480826; hereinafter Applicant; Comes to this Court to Appeal his state (T.C.C.P., art. 11.07) habeas corpus judgement — This is Pursuant to Texas Rules of Appellate Procedure, Rule 31 et seq. — Applicant's state habeas corpus was never decided upon applicant's

CLAIMS —

## TRIAL COURT ERRORS

Upon Applicant's state habeas proceedings; in the 282nd Judicial District Court, cause no.s W07-00645(A), W07-71769(A), W07-71970(A), and W07-71990(A); the trial courts "FINDINGS of Fact and Conclusions of Law" erroneously reflect applicant's "ISSUES RAISED IN APPLICATION" as; ... He asserts that his case should have been heard by a mental illness court as provided by Tex. Health & Safety Code Ann. § 616.002

Whereas; In the 'State's Response to Application for Writ of Habeas Corpus', Applicant's "ISSUES RAISED IN APPLICATION" correctly reflect that the Applicant quoted[(1)] § 616.003 of the Health and Safety Code,[(2)] ... and trial counsel was ineffective ----

## HARM CAUSED BY ERROR

Applicant has not been afforded DUE PROCESS

nor, the Equal Protection of the Law; in his U.S. Constitutionally PROTECTED RIGHT TO HABEAS CORPUS.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Applicant can demonstrate; that, but for counsel's ineffectiveness; applicant would never have proceeded to the regular criminal justice system — This can be demonstrated by Counsel's "Affidavit of Bret Martin", 1ˢᵗ day of June 2010; where counsel claims he and I discussed my mental health history — Yet; this Counsel (no trial court strategy concern here) refused to duty bound obligations to request a; Texas C. Cr. P., Article 46 B. 102 — Civil Commitment Hearing = Mental Illness (a)

1) As this is a "mandatory statute"; it MUST BE ADHERRED TO AND DONE — Thus, Any proceeding or act not followed, due to "mandatory statute" invalidates any proceedings pursuant to this — Gutierrez v. Lee, 812 SW 2d 388 — Also demonstrating Counsel did not have

firm command of the facts and laws pertaining to his client — Counsel, also, refused to abide by Texas C. Cr. P., Article 16.22 — EXAMINATION AND TRANSFER OF DEFENDANT SUSPECTED OF HAVING MENTAL ILLNESS ...

*THIS IS MORE "MANDATORY STATUTE"; that leaves no room for discretion — COUNSEL WAS IN-EFFECTIVE; AND, HAD COUNSEL PERFORMED HIS DUTY AND REPORTED HIS CLIENTS MENTAL ILLNESS; Applicant would have gotten his TRANSFER TO MENTAL HEALTH FACILITY, for treatment and diagnosis/exam for the magistrate; whom, in turn, would have been "duty bound" to offer the Applicant his "CHOICE" of which COURT TO PROCEED THROUGH — As outlined in Applicants ORIGINAL HABEAS CORPUS CLAIM TO: TEXAS HEALTH AND SAFETY CODE ANN. §616.003 (2)(B) — This "mental illness" (HEALTH) COURT does not have the authority to sentence mentally ill participants to the state penitentiary; where Applicant has been since

5 FEBRUARY 2008

## CAUSE FOR APPEAL TO
## REMAND WITH INSTRUCTIONS

As this Applicant has never had his CLAIMS EXAMINED OR HEARD IN THE TRIAL COURT; AND, THIS APPLICANT HAS DEMONSTRATED (INCLUDING COURT COPIES IN THIS APPEAL) THAT HIS COUNSEL INEFFECTIVE AS SUCH - FOR; DUE PROCESS (ABSOLUTE RIGHT) DEMANDS EFFECTIVE ASSISTANCE OF COUNSEL - APPLICANT, ALSO, DEMONSTRATES HIS CLAIM TO BE "CHANGED BY COURTS FINDINGS OF FACT"; CAUSING APPLICANTS CLAIM OF DENIAL OF MENTAL HEALTH COURT, T.C.Cr.P., ARTICLE 46B.102 HEARING, AND COURTS MANDATORY DUTY WAS NOT FOLLOWED; thus, TRIAL COURT PRACTICES WERE NOT FOLLOWED. this COURT SHOULD REMAND this Applicant's HABEAS CORPUS PROCEEDING BACK TO THE 282nd JUDICIAL DISTRICT COURT; WITH INSTRUCTIONS FOR A FULL AND FAIR EVIDENTIARY

HEARING, APPOINTING COUNSEL TO APPLICANT; FOR A FAIR PROCESS — INSTRUCTIONS TO GRANT HABEAS CORPUS TO APPLICANT, ONCE ALL EVIDENCE IS REVIEWED, SUBSTANTIATED BY Applicant's COUNSEL — AND; ALL OTHER HEARINGS DEEMED NECESSARY by this COURT —

## PRAYER

Applicant PRAYS this COURT GRANT this APPEAL AND GRANT this Applicant/Appellant a REMAND BACK TO TRIAL COURT WITH ALL NECESSARY INSTRUCTIONS FOR A FULL AND FAIR EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL —

Executed this 1st day of MAY 2015 —

Respectfully Submitted,

Mr. Troy Lee Parkins, #1480826

## INMATES DECLARATION (28 USC § 1746)

Applicant/Appellant, TROY Lee Parkins, #1480826; hereby DECLARES, under penalty of perjury, that everything herein this MOTION IS TRUE AND CORRECT, to the best of my belief —

Sign _____

Troy Lee Parkins, #1480826 Applicant/DECLARANT

ORIG = COURT OF CRIMINAL APPEALS TEXAS
CC = File
ATTACH = 282nd J.D.C. HABEAS DOCUMENTS;
FINDINGS of COURT / STATES RESPONSE / AFFIDAVIT OF BRET MARTIN

WRIT NO. W07-00645(A); W07-71769(A); W07-71970 & 90(A)

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 282ND JUDICIAL |
| | § | |
| V. | § | DISTRICT COURT |
| | § | |
| TROY LEE PERKINS | § | DALLAS COUNTY, TEXAS |

## AFFIDAVIT OF BRET MARTIN

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

Before me, the undersigned authority, on this day personally appeared BRET MARTIN, whom I identified by his Texas driver's license, and after being duly sworn, stated as follows:

"My name is Bret Martin. I am over twenty-one (21) years of age, of sound mind, have never been convicted of crime involving moral turpitude and am competent to make this affidavit because I have personal knowledge of the facts stated herein and they are true and correct.

"I am a lawyer licensed to practice in the State of Texas since November 1995. I have practiced criminal law in Dallas since that time both as an Assistant District Attorney and as a lawyer in private practice. I have been in good standing with the State Bar of Texas at all times.

"I was appointed to represent a man by the name of Troy Lee Perkins back on March 27, 2007. Mr. Perkins was being charged with four separate aggravated robberies, in Cause numbers F07-00645, F07-71769 and F07-71770 & 90. The offenses carried a range of punishment between 15 years confinement in the Texas Department of Criminal Justice and life, due to the Defendant having an enhancement paragraph resulting from a previous trip to the penitentiary. The Defendant was initially offered 40 years in TDC by the prosecutor handling the case.

"I interviewed Mr. Perkins and discussed with him the merits of each of the cases against him. We also discussed all of his options that he had available to him. Those options were 1.) to try to work out a plea bargain in the case; 2.) to plead guilty and allow the court or a jury to set his punishment if he did not like the plea bargain offers; 3.) plead not guilty and present his case to the Judge to decide his guilt or innocence; or 4.) plead not guilty and present his case to a jury and allow them to decide his guilt or innocence. I also explained to Mr. Perkins that there was videotape evidence of him committing these offenses and the difficulties that such evidence would present. Mr. Perkins decided to proceed to a jury trial.

027

He understood the factual allegations against him as well as all of the consequences of the decisions which he was making.

"On the morning of January 7, 2008, we gathered in the 282nd District Court in preparation for a jury trial and the jury arrived and we were soon to begin the voir dire process. At that time, the Assistant District Attorney made an offer to Mr. Perkins to drop his enhancement paragraph and give him 12 years on each of the four cases. That was three years below the statutory minimum that he could receive from the jury and 28 years below the prosecutor's initial recommendation.

"During my representation, Mr. Perkins appeared to be of sound mind and good judgment. Mr. Perkins understood the serious nature of the offenses and the consequences of proceeding to jury trial. He also understood that these cases would require him to serve a minimum of 50% of his sentence because of the deadly weapon finding. He was provided legal representation the entire time he was incarcerated and had communication with me throughout the entire process. Mr. Perkins and I discussed his mental health history and he acknowledged and agreed that while that was a part of his medical history, that in no way contributed to his committing of the offenses. Furthermore, I am certain that there was no mental health problems involved in his understanding or his decision making regarding both sides reaching this plea bargain agreement. It was simply the best, most responsible manner in which to resolve these very dangerous crimes. The Defendant was well informed and absolutely understood the options that he had and the consequences of each and every choice that was available to him."


Claiming He Knew of my illness, however he turns into A psychiatrist

Further, Affiant sayeth naught.

BRET E. MARTIN

SWORN TO AND SUBSCRIBED BEFORE ME, this 1st day of June, 2010.

Notary Public, in and for
The State of Texas
My commission expires:_____

JOSEPH E. PHILLIPS
Notary Public,
State of Texas
Comm. Exp. 04-18-13

028

**WRIT NO. W07-00645-S(A)**

EX PARTE

§

§

§

IN THE 282nd JUDICIAL

DISTRICT COURT OF

TROY LEE PERKINS

§

DALLAS COUNTY, TEXAS

## STATE'S RESPONSE TO APPLICATION
## FOR WRIT OF HABEAS CORPUS

The State, having considered the allegations contained in Applicant's Application for Writ of Habeas Corpus in the above-numbered and entitled cause, makes the following response:

### I.

### HISTORY OF THE CASE

Applicant entered a plea of guilty on January 7, 2008 to the charge of aggravated robbery by using a deadly weapon. He was sentenced in this case, and for three like offenses in three other cases, to 12 years' confinement in prison. The four sentences run concurrently. Applicant waived his right of appeal.

This is Applicant's first application for writ of habeas corpus.

### II.

### ISSUES RAISED IN APPLICATION

Applicant asserts (1) he was denied special needs representation and treated without concern for his mental defect, supposedly in violation of §616.003 of the Health & Safety

1

Code, (2) unspecified court procedures were not followed and his trial counsel was constitutionally ineffective, (3) he is not receiving proper psychiatric care contrary to the Eighth Amendment, (4) he is incarcerated with numerous violent persons, who constantly psychologically abuse him, contrary to the Eighth Amendment, and (5) he did not receive a speedy trial.

## III.

## STATE'S RESPONSE

Applicant vaguely alleges some grounds that might entitle him to relief, but without sufficiently describing what occurred in his case that might constitute a constitutional violation. He further alleges things that would not affect the legality of his confinement. It is not possible to respond intelligently to the Application. It fails to "contain sworn allegations of *fact* rather than mere conclusions." *Cf. Ex parte Young*, 418 S.W.2d 824, 829 (Tex.Crim.App. 1967); *see also Ex parte McCain*, 67 S.W.3d 204, 209 n. 10 (Tex.Crim.App. 2002) and *Ex parte McPherson*, 32 S.W.3d 860, 861 (Tex.Crim.App. 2000).

It can be noted generally, however, that the conditions of incarceration do not involve constitutional issues. "[I]t is abundantly clear that a myriad of problems of prison administration must remain beyond the scope of proper judicial concern. Only significant deprivations of liberty raise constitutional issues." *Meachum v. Fano*, 427 U.S. 215, 235 n. 7, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (Stevens, Brennan and Marshall, JJ., dissenting). "A habeas claim is not ordinarily thought to 'accrue' while the inmate is housed in prison

2

because habeas claims challenge the fact or duration of confinement (or restraint) rather than the conditions of confinement." *Ex parte Rieck*, 144 S.W.3d 510, 519 (Tex.Crim.App. 2004).

## IV.

## CONCLUSION

The State respectfully requests that this Court recommend denial or dismissal of the Application for Writ of Habeas Corpus on its face.

Respectfully submitted,

CRAIG WATKINS
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

*Martin L. Peterson*

MARTIN L. PETERSON
ASSISTANT DISTRICT ATTORNEY
STATE BAR NO. 15838600
FRANK CROWLEY COURTS BUILDING
133 N. INDUSTRIAL BLVD., LB-19
DALLAS, TEXAS 75207-4399
(214) 653-3647

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing response has been served on Applicant, Troy L. Perkins, TDCJ # 01480826, Wynne Unit, Huntsville, Texas 77349 on this 8th day of May, 2009.

*Martin L. Peterson*

MARTIN L. PETERSON.

3

**Scanned Aug 06, 2010**

CAUSE NO. W07-71990-S(A)

| | | |
|---|---|---|
| EX PARTE | * | IN THE 282 |
| Troy Lee Perkins, | * | JUDICIAL DISTRICT COURT |
| APPLICANT | * | DALLAS COUNTY, TEXAS |

## ORDER DESIGNATING ISSUES

Having considered the applicant's Application for Writ of Habeas Corpus and the State's Response, the Court finds that controverted, previously unresolved facts material to the legality of the Applicant's confinement exist. The Court finds that each of the allegations set forth in the application are controverted, unresolved factual issues which require additional evidence and/or testimony to be resolved.

The court appoints April E. Smith to resolve the issues and prepare findings of fact and conclusions of law for the Court. The issues may be resolved by affidavits, depositions, interrogatories, or by hearings, as deemed necessary by the person appointed herein.

*Above appointed attorney does not represent the Applicant. Applicant is not entitled to counsel at this time.*

The Clerk of the Court is ORDERED to send a copy of this order to the Court of Criminal Appeals in Austin, TX, to Applicant, or Applicant's counsel (if so represented) and to counsel for the State.

MAY 1 2 2009

Signed this _____ day of _____, 2009.

_____
JUDGE

WRIT NO. W07-71769-S(A)

| | | |
|---|---|---|
| EX PARTE | * | IN THE 282ND JUDICIAL |
| TROY LEE PERKINS, | * | DISTRICT COURT |
| APPLICANT | * | DALLAS COUNTY, TEXAS |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On this day came on to be considered Applicant's Application for Writ of Habeas Corpus and the State's Response. Having considered these pleadings and the official court records, as well as all exhibits and affidavits offered by both parties, this Court enters the following findings of fact and conclusions of law.

## HISTORY OF THE CASE

Applicant was convicted of aggravated robbery and was sentenced to 12 years confinement. This is his first application for writ of habeas corpus.

## ISSUES RAISED IN APPLICATION

Applicant asserts that he was denied special needs representation due to his psychiatric issues. He asserts that his case should have been heard by a mental illness court as provided by TEX. HEALTH & SAFETY CODE ANN. § 616.002

Applicant asserts that he was denied due process due to his special needs when court procedures were not followed and he received ineffective assistance of counsel.

Applicant asserts that his sentence amounts to cruel and unusual punishment because he is

U22

Findings of Fact and Conclusions of Law                                             Page 1

not being afforded proper psychiatric care.

Applicant asserts that he is being threatened in TDCJ due to his psychiatric issues.

Applicant asserts that he was denied a speedy trial.

## RELEVANT EVIDENCE

Bret Martin, Applicant's attorney, has responded to the allegations by affidavit. The Court finds him to be trustworthy.

## RELEVANT LAW

Burden of Proof

Applicant has the burden to allege and prove by a preponderance of the evidence facts which entitle him to relief. *See Ex parte Maldonado*, 688 S.W.2d 114, 116 (Tex. Crim. App. 1985); *Ex parte Adams*, 768 S.W.2d 281, 288-289 (Tex. Crim. App. 1989). Conclusory allegations are not enough to warrant habeas relief. *Ex parte Young*, 418 S.W.2d 824 (Tex. Crim. App. 1967).

Ineffective Assistance of Counsel

When an Applicant alleges ineffective assistance of counsel, Applicant must first prove that counsel's representation fell below an objective standard of reasonableness; and secondly, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have differed. *Strickland v. Washington*, 466 U.S. 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986). The right to counsel does not guarantee errorless counsel whose competence is judge by hindsight; rather, it affords a defendant an attorney reasonably likely to render reasonably effective assistance. *See Thompson v.* 023

*State,* 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Counsel's competence is presumed, and Applicant must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Kimmelman v. Morrison,* 477 U.S. 365, 384 (1986); *Thompson,* 9 S.W.3d at 814.

Cognizable Issues

Cognizable claims on habeas are limited to two categories: (1) jurisdictional defects in the convicting court; and (2) the denial of a fundamental constitutional right. *Ex parte Williams,* 65 S.W.3d 656, 657 (Tex. Crim. App. 2001). The purpose to be served by a post conviction writ of habeas corpus is limited, and "lies only to review jurisdictional defects or denials of fundamental or constitutional rights." *Ex parte Watson,* 601 S.W.2d 350 (Tex. Crim. App. 1980). Failure to adhere to a legislative directive or mode of proceeding designed to safeguard a constitutional right will likewise be cognizable only when the omission results in the denial of a constitutional protection. *Ex parte Sadberry,* 864 S.W.2d 541 (Tex. Crim. App. 1993).

Generally, conditions of confinement do not involve constitutional issues. *See Meachum v. Fano,* 427 U.S. 215, 235 n. 7, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976).

Speedy Trial

Speedy trial claims are not cognizable in post-conviction habeas proceedings. *Ex parte Owenby,* 749 S.W.2d 880, 881 (Tex. Crim. App. 1988) (violation of Speedy Trial Act is non-jurisdictional defect which cannot be raised on habeas review).

## FINDINGS OF FACT

The Court finds that Applicant has failed to prove that he was entitled to have his case heard

024

in a "mental illness court". The statute cited by Applicant provides that the county may provide for such court. It does not, however, state that all cases where a defendant is alleged to be mentally ill shall be transferred to that court. Applicant has not proven that he had a mental illness which entitled his case to be transferred for disposition to that Court. Applicant's counsel indicates that Applicant was able to communicate with him regarding the case and understood the options for disposing of the case.

The Court finds that Applicant has failed to prove that he received ineffective assistance of counsel. Applicant makes no specific allegations of ineffectiveness for counsel to respond to. However, counsel has provided an affidavit which sets out his representation in this case. Furthermore, Applicant has not stated which court procedures were not followed.

With regard to issues three, four and five, the Court finds that Applicant has not raised a constitutional issue that is cognizable on habeas.

## CONCLUSIONS OF LAW

The Court concludes that Applicant has failed to prove that he was entitled to have his case heard in a "mental illness court".

The Court concludes that Applicant has failed to prove that he received ineffective assistance of counsel. Furthermore, Applicant has not stated which court procedures were not followed.

With regard to issues three, four and five, the Court concludes that Applicant has not raised a constitutional issue that is cognizable on habeas.

025

Findings of Fact and Conclusions of Law                    Page 4

Scanned Aug 06, 2010

## COURT'S RECOMMENDATION

This Court recommends that this writ of habeas corpus be DENIED.

## ORDERS OF THE COURT

In implementing the Court's Finding of Fact and Conclusions of Law, the Clerk will:

1. Prepare a transcript of papers in this cause and transmit the Court's Order and the Findings of Fact and Conclusions of Law, including the judgment and indictment, all plea papers, if any, and the Court of Appeals opinion, if any, to the Court of Criminal Appeals as provided by TEX. CODE CRIM. PROC. ANN. art. 11.07.

2. Send a copy of this Order and the Findings of Fact and Conclusions of Law to the Applicant and his counsel, if any, by depositing same in the U.S. Mail.

Signed and entered _____6/16/10_____.

_____
JUDGE

U26

Findings of Fact and Conclusions of Law                                        Page 5