**Jose Whitman CHACON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0813–86.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 24, 1988.

Charles F. Baird, Michael B. Charlton (on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Eleanor M. McCarthy, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

The offense is driving while intoxicated, a misdemeanor. On stipulated evidence the trial court found appellant guilty, and then assessed punishment at a fine of $200 and confinement for 120 days, both probated for a period of two years. Sufficiency of that evidence is not challenged.

The issue we opted to review arises out of denial of a pretrial plea in bar and motion to dismiss based on the proposition that because under the Texas Speedy Trial Act (Act), and on motion by the prosecutor, a justice court had dismissed a complaint for speeding in the same transaction as the instant DWI offense, prosecution for the latter is barred by Article 28.061, V.A.C.C. P. In support of the plea and motion, counsel for appellant testified substantially to the underlying facts, but presented no other evidence. The State introduced a certified copy of the docket sheet in justice court that indicated a dismissal on motion

by the State, but did not reflect a reason for dismissal.

In an unpublished opinion the Court of Appeals essentially found in light of Article 32.02, V.A.C.C.P., that "the basis of the court's ruling was not shown by *competent* evidence;" accordingly, it held: "Because the *record does not support the appellant's contention,* we cannot consider it," and overruled his point of error. *Chacon v. State* (Tex.App.—Houston [1st] No. 01–85–0637–CR, delivered June 5, 1986).[1]

Appellant's sole ground for review is that the Court of Appeals erred in holding he had failed to prove by competent evidence that an offense arising out of the same transaction as the offense at bar was dismissed for violation of the Speedy Trial Act.

We granted review to determine whether the reason given by the Houston (1st) Court for refusing to consider his point of error is in conflict with applicable decisions of this Court. Tex.R.App.Pro.Rule 200(c)(3). Since then, however, a majority of the Court declared the Act unconstitutional. *Meshell v. State,* 739 S.W.2d 246 (Tex.Cr.App.1987). Thus, at the threshold we face a matter of mootness.

Generally a cause, issue or proposition is or becomes moot when it does not, or ceases to, rest on any existing fact or right. 5 Tex.Jur.3d 206, Appellate Review § 519. In the instant cause the basic facts found by the Houston (1st) Court are still extant, and the reason that it did not consider appellant's point of error remains in effect.

But if it is impossible for this Court, the Houston (1st) Court or the trial court to grant effectual relief for any reason, a cause is moot. *Id.,* at 217, § 523. Should we review the decision of the Houston (1st) Court and find it erroneous, we would vacate its judgment and remand the cause for it to consider the point of error on its merits. Suppose then the Houston (1st) Court determines the trial court erred in overruling the plea in bar and motion to dismiss; presumably it would reverse the judgment of the trial court and remand the cause for further proceedings. When the cause is returned to the trial court, however, whatever the "right" of appellant to present again his plea in bar and motion to dismiss, and to have it heard by the trial court, he is not entitled to gain dismissal of the information. The statute authorizing the trial court to grant relief is unconstitutional and without force and effect. It has "expired." See *Id.,* at 226, § 529; 228, § 530.[2]

We conclude that the issue is moot because ultimately the trial court "cannot possibly grant relief." *State v. Gibson Products Co., Inc.,* 699 S.W.2d 640 (Tex. App.—Waco 1985), no writ history; *Texas Dept. of Health v. Long,* 659 S.W.2d 158 (Tex.App.—Austin 1983), no writ history.

On the civil side when an appeal becomes moot, the judgment of the trial court is set aside and the cause is dismissed. *Dunn v. Dunn,* 439 S.W.2d 830 (Tex.1969); *Texas Foundries v. International Moulders and Foundry Workers,* 151 Tex. 239, 248 S.W. 2d 460 (1952); *Freeman v. Burrows,* 141 Tex. 318, 171 S.W.2d 863 (1943).

There may be circumstances where similar treatment is appropriate in a criminal case, but this is not one. The Court of Appeals overruled more than one point of error in affirming the judgment of the trial court. What is moot here is the point of error targeted by the single ground for review before this Court. Not otherwise challenged, the judgment of affirmance rendered by the Houston (1st) Court remains intact.

Accordingly, we dismiss the petition for discretionary review for mootness.

---

**1.** All emphasis is by the writer of this opinion unless otherwise indicated.

**2.** Well aware that in its last session the Legislature revised the Act, see Acts 1987, 70th Leg., Ch. 383, 10 Vernon's Texas Session Law Service (1987) 3752, we note that it became effective September 1, 1987, and then only as to prosecution of an offense committed on or after that day. *Id.,* § 3, at 3755.