IN THE

TENTH COURT OF
APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-04-00108-CR

 

Ex parte Mark Allen Coker

 

 



From the County
Court at Law No. 2

McLennan County, Texas

Trial Court #
2004-0002-HC2

 



MEMORANDUM 
Opinion



 

            The parties were notified that this cause would
be dismissed unless a response showing grounds for continuing the appeal was
filed within ten days because petitioner had been released from custody, thus
making his request for habeas relief moot. 
See Chacon v. State, 745 S.W.2d 377, 378 (Tex. Crim. App. 1988).  More than ten days have passed since the date
of the notice.  The Court has not
received a response.




          The
appeal is dismissed.  Tex. R. App. P. 42.3(a).

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

Appeal dismissed

Opinion delivered and filed September
 1, 2004

[OT06]








 






margin-left:.5in;margin-bottom:.0001pt;text-align:justify'> 

Gigliobianco v. State, 210 S.W.3d 637, 641-42 (Tex. Crim.
App. 2006) (footnotes omitted); accord Subirias v. State, 278 S.W.3d 406,
408 (Tex. App.—San Antonio 2008, pet. ref’d); Brock v. State, 275 S.W.3d
586, 590 (Tex. App.—Amarillo 2008, pet. ref’d); Stafford v. State, 248
S.W.3d 400, 411-12 (Tex. App.—Beaumont 2008, pet. ref’d); but see De La Paz,
279 S.W.3d at 349 (applying Montgomery factors).

 

Newton, --- S.W.3d at ---, 2009 WL 2644004, at
*3 (footnote omitted).

 

            Probative force of the
evidence:  The extraneous-act evidence was probative to rebut James’s defensive
theory of fabrication.  As we have already discussed, the extraneous-act evidence
is sufficiently similar to the charged offense to have probative value.  See
id.  Thus, this factor weighs in favor of
admissibility.

            Proponent’s need for that
evidence: The trial court could have reasonably concluded that the State’s
need for the extraneous-offense evidence was “considerable.”  See id. at
---, 2009 WL 2644004, at *4.  There were no eyewitnesses and no
physical evidence available to corroborate the complainant’s testimony, and the
State demonstrated that it needed this evidence to rebut James’s claim of
fabrication.  See id.  This factor weighs in favor of admissibility.

            Tendency of evidence to
suggest decision on an improper basis:  Sexually related misconduct and
offenses involving minors have a tendency to suggest a verdict on an improper basis
because of the inherently inflammatory and prejudicial nature of crimes of a
sexual nature committed against children.  See id.  This danger of
unfair prejudice was countersbalanced to some extent by the trial court’s
limiting instruction.  See id.   Nevertheless, this factor weighs in
favor of exclusion of the evidence.  See id.

            Jury confusion or
distraction, undue weight, and amount of time or repetition:  These factors
concern whether presentation of the extraneous evidence consumed an inordinate amount
of time or was repetitious, and the evidence’s tendency to confuse or distract
the jury or to cause the jury to place undue weight on its probative value.  See
Gigliobianco, 210 S.W.3d at 641-42; Newton, --- S.W.3d at ---, 2009
WL 2644004, at *3-4.

            James concedes that L.G.’s
testimony consumed only a small amount of time (it consists of twelve pages of
a 575-page record) and supports admission.  It was not repetitious, and with
the trial court’s limiting instruction, we do not believe that it could cause
jury confusion or distraction or cause the jury to give it undue weight.  All
of these factors favor admission.

            All factors but one weigh in
favor of admission of the extraneous-act evidence.  “Rule 403 ‘envisions
exclusion of [relevant] evidence only when there is a ‘clear disparity between
the degree of prejudice of the offered evidence and its probative value.’”  Newton,
--- S.W.3d at ---, 2009 WL 2644004, at *5 (quoting Hammer v. State, 296
S.W.3d 555, 568 (Tex. Crim. App. 2009).  We cannot say that there is a “clear
disparity” between the danger of unfair prejudice posed by the extraneous-act evidence
and its probative value.  Thus, we cannot say the court abused its discretion
by overruling James’s Rule 403 objection, and we overrule issue two.

            Having overruled both
issues, we affirm the trial court’s judgment.

 

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed February 24, 2010

Do
not publish

[CR25]