

# NUMBER 13-13-00293-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE STATE OF TEXAS EX REL. BERNARD W. AMMERMAN

## On Petition for Writ of Mandamus
## and Writ of Prohibition.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes
### Memorandum Opinion Per Curiam[1]

By petition for writ of mandamus and writ of prohibition, relator, the State of Texas ex rel. Bernard W. Ammerman, the Willacy County and District Attorney, sought to compel the respondent in this cause, the Honorable Angelica Hernandez, the Presiding Judge of the 105 Judicial Court serving Nueces, Kleberg, and Kenedy Counties, to dismiss a temporary ex parte protective order and to prohibit the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

respondent from entering a protective order against relator. Upon being notified of the respondent's recusal, on July 11, 2013, this Court abated this original proceeding in order to provide the successor judge the opportunity to consider the rulings at issue in this original proceeding. *See generally* TEX. R. APP. P. 7.2(a). The Court requested that the successor judge file a supplemental record including the rulings on reconsideration within twenty-one days. The Court also informed the parties that this proceeding would be reinstated on further order of this Court.

On September 12, 2013, after an extension of time was sought and obtained, the supplemental record was filed with this Court. The supplemental record includes an order rendered on September 10, 2013, by the successor judge, the Honorable Richard C. Terrell, vacating the temporary ex parte protective order at issue in this cause.

On September 13, 2013, relator filed a motion to dismiss this petition for writ of mandamus and writ of prohibition because the order subject to review herein has been vacated.

The Court, having examined and fully considered the petition for writ of mandamus, the supplemental record, and the motion to dismiss, is of the opinion that this original proceeding has been rendered moot. *See Jack v. State*, 149 S.W.3d 119 n.10 (Tex. Crim. App. 2004) ("A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties."); *Chacon v. State*, 745 S.W.2d 377 (Tex. Crim. App. 1988) (noting that "generally a cause, issue or proposition is or becomes moot when it does not, or ceases to, rest on any existing fact or right").

Given the foregoing, we REINSTATE this original proceeding. We LIFT the stay previously imposed by this Court. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We GRANT relator's motion to dismiss and we DISMISS this original proceeding as moot.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of September, 2013.