

# NUMBER 13-13-00662-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ROEL CERDA

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Benavides and Longoria
## Memorandum Opinion Per Curiam[1]

Relator, Roel Cerda, proceeding pro se, filed a petition for writ of mandamus on December 2, 2013, through which he seeks to compel the trial court to rule on and grant relator's motion for nunc pro tunc judgment.[2] The Court requested and received a response to the petition for writ of mandamus from the State of Texas, acting by and

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] This is the second original proceeding filed by relator regarding this same issue. *See In re Cerda*, No. 13-13-00503-CR, 2013 WL 5434645 (Tex. App.—Corpus Christi Sept. 25, 2013, orig. proceeding) (per curiam) (mem. op. not designated for publication).

through the Assistant District Attorney and Attorney for the State Special Prison Prosecution Unit. In addition to addressing the merits of the petition for writ of mandamus, the State asserts that this petition for writ of mandamus has been rendered moot because the trial court denied relator's motion for nunc pro tunc judgment on December 11, 2013.

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). While our authority encompasses the ability to direct a trial court to issue a ruling on a motion, it does not include the power to reach the merits of the motion or direct the trial court regarding how to rule on it. *In re Blakeney*, 254 S.W.3d at 661; *In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding); *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding); *O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App.—Tyler 1993, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that this original proceeding has been rendered moot. *See Jack v. State*, 149 S.W.3d 119 n.10 (Tex. Crim. App. 2004)

2

("A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties."); *Chacon v. State*, 745 S.W.2d 377 (Tex. Crim. App. 1988) (noting that "generally a cause, issue or proposition is or becomes moot when it does not, or ceases to, rest on any existing fact or right"). In so holding, we note that to the extent that relator contends that the trial court erred in failing to grant his motion for nunc pro tunc judgment, we do not and cannot direct the trial court to rule a certain way on the motion. *See In re Blakeney*, 254 S.W.3d at 661; *In re Ramirez*, 994 S.W.2d at 684; *O'Donniley*, 860 S.W.2d at 269. Accordingly, the petition for writ of mandamus is DISMISSED as moot.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of December, 2013.