

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00048-CR

_____

IN RE:   MICHAEL LERON DOWDEN

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Relator, Michael Leron Dowden, proceeding pro se, has filed a petition for writ of mandamus asking this Court to compel the trial court to (1) enter a written ruling[1] on his request for motion for post-conviction[2] DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure, and (2) grant his request for DNA testing. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01, 64.03 (West. Supp. 2013). We deny Dowden's petition for writ of mandamus because (1) Dowden failed to provide us with a record to support his entitlement to mandamus relief and (2) we lack the authority to compel the trial court to grant Dowden's motion for DNA testing, assuming that one was filed.

Dowden's entitlement to mandamus relief requires proof that he has no adequate remedy at law to redress his alleged harm and that the act he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Failure to meet both of these requirements is fatal to his petition for writ of mandamus. *See id.* Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding); *see In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding).

It is Dowden's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding)

---

[1]Dowden's petition for writ of mandamus suggested that the trial court orally denied his motion for DNA testing.

[2]Dowden was convicted of two counts of delivery of a controlled substance.

("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). To properly request mandamus relief, Dowden was required to include a statement of facts supported by citations to "competent evidence included in the appendix or record" and provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See* TEX. R. APP. P. 52.3. Dowden could not meet these requirements unless he furnished an appendix or record sufficient to support his claim for mandamus relief. *See* TEX. R. APP. P. 52.3(k), 52.7(a).

Without citation to the appendix or record, Dowden's petition suggests that the motion for DNA testing was orally denied.[3] However, the papers attached to Dowden's petition do not include a motion for DNA testing, much less any proof that such a motion was filed with, presented to, or ruled on by the trial court. The only thing Dowden's petition and supporting documentation actually show is that, on February 5, 2014, the Texas Court of Criminal Appeals denied a writ of habeas corpus filed by Dowden. We conclude that Dowden has not provided this Court with a sufficient record to support his claim.

Next, Dowden's petition for writ of mandamus also asks this Court to order the trial court to grant his motion for DNA testing. In general, we have mandamus jurisdiction to direct a trial

---

[3]If that is true, then the trial court has ruled on Dowden's motion for DNA testing, and Dowden has partially received the relief he is requesting. If Dowden is asking only that we compel the trial court to rule on his motion for DNA testing, his petition for writ of mandamus would be moot if we were provided with a record establishing that the trial court had ruled on the motion. *See Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004) ("A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties."); *Chacon v. State*, 745 S.W.2d 377, 378 (Tex. Crim. App. 1988) (noting "generally a cause, issue or proposition is or becomes moot when it does not, or ceases to, rest on any existing fact or right"). Of course, we do not have an adequate record from which we can determine the mootness of Dowden's request for a ruling with certainty.

court to make a decision, but we may not tell the trial court what that decision should be. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *cf. State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 n.3 (Tex. Crim. App. 2003) (orig. proceeding) (mandamus may lie to compel trial court to rule certain way when nothing is left to its discretion). We decline Dowden's invitation to have us compel the trial court to grant his motion.[4]

We deny Dowden's petition for writ of mandamus.


Josh R. Morriss, III
Chief Justice

Date Submitted:     April 8, 2014
Date Decided:       April 9, 2014

Do Not Publish

---

[4]Dowden has not provided us with any information indicating that he has met the statutory prerequisite for post-conviction DNA testing.

4