

# NUMBER 13-14-00210-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JERRY HARTFIELD

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion Per Curiam[1]

On April 7, 2014, relator, Jerry Hartfield, filed a petition for writ of mandamus seeking to compel the trial court to rule on his application for a writ of habeas corpus pursuant to article 11.08 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.08 (West, Westlaw through 2013 3d C.S.).[2] The Court requested the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] That same day, relator also filed a "Motion for Leave to File Petition for Writ of Mandamus." Relator's motion for leave to file his petition for writ of mandamus is dismissed as moot. The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt.

real party in interest, the State of Texas, acting by and through the Criminal District Attorney for Matagorda County, Texas, to file a response to the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(b). However, relator has now filed a motion to dismiss this original proceeding as moot on grounds that the trial court has issued a ruling on the petition for writ of habeas corpus.

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that this original proceeding has been rendered moot. *See Jack v. State*, 149 S.W.3d 119 n.10 (Tex. Crim. App. 2004) ("A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties."); *Chacon v. State*, 745 S.W.2d 377 (Tex. Crim. App. 1988) (noting that "generally a cause, issue or proposition is or becomes moot when it does not, or ceases to, rest on any existing fact or right"). Therefore, we GRANT relator's motion to dismiss and we DISMISS this original proceeding as moot.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of April, 2014.