

**NUMBER 13-14-00328-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

### IN RE GREGORY B. SHANKS

**On Petition for Writ of Mandamus and Petition
For Writ of Prohibition.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria
Memorandum Opinion Per Curiam[1]**

On June 16, 2014, relator Gregory B. Shanks, proceeding pro se, filed a petition for writ of mandamus and petition for writ of prohibition through which he sought to compel the respondent, the Honorable Randy Clapp, the Presiding Judge of the 329th District Court of Wharton County, Texas, to issue rulings on several pending motions and to

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

proceed with a speedy trial in cause number 17978 pending in that court. [2] Relator asserted that he has filed several motions, including motions for the appointment of counsel and motions for speedy trial, but the motions had not been timely ruled upon. The Court requested and received a response to the petition for writ of mandamus from the State of Texas, acting by and through the District Attorney for Wharton County, Texas. The State contends that the petition for writ of mandamus should be dismissed because the respondent signed the State's motion to dismiss the indictment in cause number 17978 on July 16, 2014 and this original proceeding has been rendered moot.

The Court, having examined and fully considered the petition for writ of mandamus and petition for writ of prohibition, and the response thereto, is of the opinion that this original proceeding has been rendered moot. *See Jack v. State*, 149 S.W.3d 119 n.10 (Tex. Crim. App. 2004) ("A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties."); *Chacon v. State*, 745 S.W.2d 377 (Tex. Crim. App. 1988) (noting that "generally a cause, issue or proposition is or becomes moot when it does not, or ceases to, rest on any existing fact or right"). Therefore, this original proceeding is DISMISSED AS MOOT.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
17th day of July, 2014.

---

[2] That same day, relator also filed a "Motion for Leave to File Writ of Mandamus and Prohibition." Relator's motion for leave to file his petition for writ of mandamus and prohibition is dismissed as moot. The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt.