

# NUMBER 13-16-00320-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE RENE RIVAS JR.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion Per Curiam[1]**

Relator Rene Rivas Jr. filed a petition for writ of mandamus in the above cause on June 15, 2016 contending that the trial court has not acted on his motions for the appointment of counsel and post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01 (West, Westlaw

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

through 2015 R.S.). Relator was convicted in trial court case number 09-CR-856-D in the 103rd District Court. *See generally In re Rivas*, No. 13-14-00648-CR, 2014 WL 6085670, at *1 (Tex. App.—Corpus Christi Nov. 13, 2014, orig. proceeding) (mem. op. per curiam, not designated for publication) (denying mandamus relief regarding the trial court's alleged failure to act on relator's post-conviction motions for DNA testing); *Rivas v. State*, No. 13-11-00139-CR, 2012 WL 114198, at *1 (Tex. App.—Corpus Christi Jan. 12, 2012, pet. ref'd, untimely filed) (mem. op., not designated for publication) (affirming relator's convictions for assault and sexual assault under *Anders v. California,* 386 U.S. 738, 744 (1967)); *Ex Parte Rivas*, No. AP-76,502, 2011 WL 1158566, at *1 (Tex. Crim. App. Feb. 16, 2011) (per curiam, not designated for publication) (granting permission for an out-of-time appeal); *Rivas v. State*, No. 13-10-00119-CR, 2010 WL 2471754, at *1 (Tex. App.—Corpus Christi June 17, 2010, no pet.) (dismissing appeal as untimely).

The Court requested and received a response to the petition for writ of mandamus from the real party in interest, the State of Texas, acting by and through the Cameron County District Attorney. *See* Tex. R. App. P. 52.2, 52.4, 52.8. The State contends that this original proceeding has been rendered moot because on June 30, 2016, the trial court entered an order denying relator's pro se motion for forensic DNA testing and the appointment of counsel.

The Court, having examined and fully considered the petition for writ of mandamus and the response thereto, is of the opinion that this original proceeding has been rendered moot. *See Jack v. State*, 149 S.W.3d 119 n.10 (Tex. Crim. App. 2004) ("A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties."); *Chacon v. State*,

2

745 S.W.2d 377 (Tex. Crim. App. 1988) (noting that "generally a cause, issue or proposition is or becomes moot when it does not, or ceases to, rest on any existing fact or right"). Therefore, this original proceeding is dismissed as moot.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of July, 2016.