

NUMBER 13-19-00485-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG

IN RE ALEX WILLIAM COOK

On Petition for Writ of Mandamus.

MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina**
**Memorandum Opinion by Chief Justice Contreras[1]**

On October 9, 2019, relator Alex William Cook, proceeding pro se, filed a petition for writ of mandamus through which he seeks to compel the trial court to credit him with all presentence jail time served. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a); *see also* TEX. R. APP. P. 23.2(b). Relator contends that the trial court miscalculated the total jail time credit of ninety days that was awarded in relator's July 15, 2019 judgment of

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

conviction for unlawful possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.15(a), (b).

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

On October 10, 2019, the district clerk filed a nunc pro tunc judgment of conviction in this cause. The nunc pro tunc judgment was signed by the trial court on September 27, 2019 and awarded relator two hundred and forty-two days of jail time credit, as opposed to the ninety days awarded in relator's original judgment of conviction. Thus, the judgment at issue in this original proceeding has been corrected and replaced by a nunc pro tunc judgment subsequently rendered by the trial court.

The Court, having examined and fully considered the petition for writ of mandamus and the judgment nunc pro tunc, is of the opinion that this original proceeding has been rendered moot. *In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (orig. proceeding) (collecting court of criminal appeals opinions dismissing original proceedings where the relief sought had become moot); *State ex rel. Holmes v. Denson*, 671 S.W.2d 896, 899 (Tex. Crim. App. 1984) ("[W]e hold that there is nothing to mandamus, ergo mandamus does not lie."); *In re Campbell*, 106 S.W.3d 788, 788 (Tex. App.—Texarkana

2

2003, orig. proceeding) ("[T]he order about which this original proceeding complains no longer exists, and the petition is moot."); *see also Chacon v. State*, 745 S.W.2d 377, 378 (Tex. Crim. App. 1988) (en banc) (per curiam) (noting that "generally a cause, issue or proposition is or becomes moot when it does not, or ceases to, rest on any existing fact or right"). Therefore, we DISMISS this original proceeding as moot.

DORI CONTRERAS
Chief Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of October, 2019.