

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| EX PARTE: | § | No. 08-23-00226-CR |
| | § | |
| FRANCISCO LESA, III. | § | Appeal from the |
| | § | |
| | | 399th Judicial District Court |
| | § | |
| | | of Bexar County, Texas |
| | § | |
| | | (TC# 2023CR1281) |
| | § | |

**<u>MEMORANDUM OPINION</u>**

This matter comes before us on Appellant Francisco Lesa III's motion to dismiss.

On March 2, 2023, Lesa was convicted of stalking and sentenced to confinement for ten years in the Texas Department of Corrections, suspended and probated for ten years with a number of conditions, including a six-month jail sanction. On the same day, Lesa was taken into custody to begin serving his jail sanction.

On March 3, 2023, Lesa filed a notice of intent to appeal his conviction, and that appeal is now pending in this Court under Cause No. 08-23-00109-CR.

On March 8, 2023, Lesa filed a motion for bail, contending that because of the nature of the crime and sentence in question, he was entitled to release on bail pending the result of his appeal. On March 14, 2023, the trial court denied the motion. On the same day, Lesa filed a motion

to reconsider. On March 16, 2023, the trial court ordered that Lesa be released on a $50,000 bond with full GPS house arrest, among other conditions.

On March 23, 2023, Lesa filed an application for writ of habeas corpus seeking immediate release and continuation on pretrial bond, which the record does not reflect was ruled on. On April 10, 2023, Lesa filed a first amended application for writ of habeas corpus seeking immediate release and a personal recognizance bond, which the trial court denied on April 20, 2023.

On May 1, 2023, Lesa filed a notice of intent to appeal the trial court's order of April 20, 2023.

On June 12, 2023, the clerk's record was filed. Lesa states in his motion to dismiss that he has not yet received a copy of the reporter's record.

On September 2, 2023, having served six months in jail, Lesa was released from custody.

On September 5, 2023, the Fourth Court of Appeals transferred this case to the Eighth Court of Appeals.

On September 7, 2023, Lesa filed his motion to dismiss,[1] contending that his release from confinement rendered the relief sought in this appeal—i.e., his immediate release—moot. We agree. *See Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004) ("A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties."); *Chacon v. State*, 745 S.W.2d 377, 378 (Tex. Crim. App. 1988) (en banc) (noting that "generally a cause, issue or proposition is or becomes moot when it does not, or ceases to, rest on any existing fact or right" and an issue is moot where the court "cannot possibly grant relief").

---

[1] Both Lesa and his attorney signed the motion to dismiss in accordance with TEX. R. APP. P. 42.2(a).

Accordingly, because the present action is moot, we grant Appellant's motion and dismiss this appeal.

LISA J. SOTO, Justice

September 13, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)