

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00176-CR
### No. 10-23-00181-CR

**JAMES GAMBRELL,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 12th District Court**
**Walker County, Texas**
**Trial Court Nos. 30096 & 30238**

## MEMORANDUM OPINION

In appellate cause numbers 10-23-00176-CR and 10-23-00181-CR, pro se appellant,

James Gambrell, complains about the trial court's denial of his "'Motion to Dismiss' for

lack of speedy trial." Specifically, in three issues that are identical in both appellate cause

numbers, Gambrell contends that: (1) the trial court erred by denying his motion to

dismiss for lack of a speedy trial; (2) the trial court erred by refusing to acknowledge

purported prosecutorial misconduct stemming from the Walker County District

Attorney's Office contacting Child Protective Services ("CPS") upon Gambrell's arrest for abandoning/endangering a child with intent to return; and (3) his trial counsel was ineffective for failing to insist on a speedy trial. Because we overrule all of Gambrell's issues in both appeals, we affirm the judgment of the trial court.

## Background

On August 26, 2021, in trial court cause number 30096, which corresponds with appellate cause number 10-23-00176-CR, Gambrell was charged by indictment with assault family violence with a prior conviction for assault family violence. This indictment alleged that he struck Marshaye Carrington, a person with whom Gambrell had a dating relationship, in the face with his hand.

Later, on November 22, 2021, in trial court cause number 30238, which corresponds with appellate cause number 10-23-00181-CR, Gambrell was charged by indictment with two counts of aggravated assault with a deadly weapon and one count of unlawful possession of a firearm by a felon. Among other things, this indictment alleged that Gambrell threatened Yolanda Lawson and Carrington with imminent bodily injury by using or exhibiting a deadly weapon, a firearm. The indictment also included an enhancement paragraph referencing Gambrell's prior felony conviction for accident causing serious bodily injury or death.

Although represented by counsel, Gambrell filed multiple pro se motions for speedy trial and motions to dismiss. After a hearing, the trial court denied Gambrell's latest motion to dismiss for lack of speedy trial.

Thereafter, Gambrell entered into a plea agreement with the State. Gambrell pleaded guilty to one count of aggravated assault with a deadly weapon and the enhancement paragraph in trial court cause number 30238. The trial court accepted Gambrell's guilty plea, made a deadly-weapon finding, found Gambrell guilty, and found the enhancement paragraph to be true. Counsel for Gambrell then filed a motion requesting that the trial court consider admitted unadjudicated offenses—namely, the charged offense in trial court cause number 30096 and the remaining charged offenses in trial court cause number 30238—during sentencing such that further prosecution of the unadjudicated offenses would be barred. The State agreed to the motion, and the trial court granted the motion and ordered the dismissal of the remaining charged offenses.

The trial court sentenced Gambrell to eight years in prison and certified Gambrell's right to appeal matters raised by written motion filed and ruled on before trial and not withdrawn or waived. These appeals followed.

**Appellate Cause Number 10-23-00176-CR (Trial Court Cause Number 30096)**

GAMBRELL'S SPEEDY-TRIAL CLAIM

In his first issue in appellate cause number 10-23-00176-CR, Gambrell argues that the trial court erred by denying his motion to dismiss for lack of a speedy trial. However,

as mentioned above, the trial court signed an order dismissing all of the remaining charged offenses, including the offense charged in this appeal. Because the indictment in this appeal was dismissed, we conclude that this complaint is moot. *See Jack v. State*, 149 S.W.3d 119, n.10 (Tex. Crim. App. 2004) ("A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties."); *Chacon v. State*, 745 S.W.2d 377, 378 (Tex. Crim. App. 1988) (noting that "generally a cause, issue[,] or proposition is or becomes moot when it does not, or ceases to, rest on any existing fact or right"); *see also In re Shanks*, No. 13-14-00328-CR, 2014 Tex. App. LEXIS 7818, at **2-3 (Tex. App.—Corpus Christi July 17, 2014, orig. proceeding) (mem. op.) (per curiam) (dismissing a mandamus petition because relator's speedy-trial complaint was mooted when the trial court granted the State's motion to dismiss the indictment). Accordingly, we overrule Gambrell's first issue in appellate cause number 10-23-00176-CR.

PROSECUTORIAL MISCONDUCT

In his second issue, Gambrell contends that the trial court erred by refusing to acknowledge purported prosecutorial misconduct stemming from the Walker County District Attorney's Office's contact with CPS upon Gambrell's arrest for abandoning/endangering a child with intent to return. Specifically, Gambrell complains that the State made "false allegations" of child endangerment when addressing the

absence of Carrington as a witness at trial during the hearing on Gambrell's motion for speedy trial.

Generally, to preserve error regarding alleged prosecutorial misconduct, an appellant must: (1) object on specific grounds; (2) request an instruction to disregard any matter improperly placed before the jury; and (3) move for mistrial. *See Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995); *see also Salas-Trevino v. State*, No. 10-19-00089-CR, 2020 Tex. App. LEXIS 6969, at *4 (Tex. App.—Waco Aug. 27, 2020, no pet.) (mem. op., not designated for publication). The record does not demonstrate that Gambrell satisfied each of the elements listed above to preserve error regarding alleged prosecutorial misconduct.

And even if he had preserved this complaint, we note that section 261.101(b) of the Texas Family Code provides that:

> If a professional has reasonable cause to believe that a child has been abused or neglected or may be abused or neglected, or that a child is a victim of an offense under Section 21.11, Penal Code, and the professional has reasonable cause to believe that the child has been abused as defined by Section 261.001, the professional shall make a report not later than the 48th hour after the hour the professional first has reasonable cause to believe that the child has been or may be abused or neglected or is a victim of an offense under Section 21.11, Penal Code.

TEX. FAM. CODE ANN. § 261.101(b). Thus, under section 261.101(b) of the Texas Family Code, the State was required to report any abuse or neglect if there was reasonable cause. *See id.* And other than bald assertions that the allegations of child endangerment were false, Gambrell does not direct us to any evidence in the record demonstrating that the

State did not have reasonable cause to report. We therefore overrule Gambrell's second issue.

INEFFECTIVE ASSISTANCE OF COUNSEL

In his third issue, Gambrell asserts that his trial counsel was ineffective for failing to emphasize Gambrell's speedy-trial claims.

As noted above, Gambrell negotiated a plea with the State, and the trial court certified Gambrell's right to appeal only those matters raised by written motion and ruled on before trial and not withdrawn or waived. *See* TEX. R. APP. P. 25.2(a)(2)(A); *Ex parte Reedy*, 282 S.W.3d 492, 501 (Tex. Crim. App. 2009) ("Following a negotiated guilty plea, a defendant has only a limited right to appeal; he may appeal only those matters that were raised by written motion filed and rule on before trial, or specific issues that the trial court has granted him permission to appeal." (internal citation & quotation omitted)). The record does not contain a ruling nor permission from the trial court regarding the right to appeal a claim for ineffective assistance of counsel. Because Gambrell did not raise nor obtain permission to appeal an ineffective-assistance-of-counsel claim, we overrule Gambrell's third issue in appellate cause number 10-23-00176-CR.

**Appellate Cause Number 10-23-00181-CR (Trial Court Cause Number 30238)**

GAMBRELL'S SPEEDY-TRIAL CLAIM

In his first issue in appellate cause number 10-23-00181-CR, Gambrell argues that the trial court erred by denying his motion to dismiss for lack of a speedy trial.

The Sixth Amendment to the United States Constitution guarantees that an "accused shall enjoy the right to a speedy . . . trial." U.S. CONST. amend. VI. This right was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Id.* amend. XIV; *see Klopfer v. North Carolina*, 386 U.S. 213, 223-26, 87 S. Ct. 988, 993-95, 18 L. Ed. 2d 1 (1967). The Texas Constitution likewise provides the accused the right to a speedy trial. TEX. CONST. art. 1, § 10. The Texas Court of Criminal Appeals has traditionally analyzed the denial of a speedy trial under state law using the factors outlined in federal law. *See Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992); *see also State v. Wei*, 447 S.W.3d 549, 553 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd).

We review a trial court's decision on a speedy-trial claim under a bifurcated standard. *State v. Krizan-Wilson*, 354 S.W.3d 808, 815 (Tex. Crim. App. 2011). Legal issues are reviewed de novo while factual findings are reviewed for an abuse of discretion. *Id.* If a violation of a defendant's right to a speedy trial is established, the only possible remedy is dismissal of the prosecution. *See Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003) (citing *Strunk v. United States*, 412 U.S. 434, 440, 93 S. Ct. 2260, 2263, 37 L. Ed. 56 (1973)); *Porter v. State*, 540 S.W.3d 178, 181 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd).

Typically, a speedy-trial claim is evaluated through the balancing test outlined in *Barker v. Wingo*, 407 U.S. 514, 530-32, 92 S. Ct. 2182, 2191-93, 33 L. Ed. 2d 101 (1972). The

*Barker* factors are the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.*

**Length of Delay**

The length of the delay is measured from the time the defendant is arrested or formally accused until the time of trial or a defendant's demand for a speedy trial. *Gonzales v. State*, 435 S.W.3d 801, 809 (Tex. Crim. App. 2014); *Dragoo*, 96 S.W.3d at 313; *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). This factor is, to some extent, a triggering mechanism, so that there is no necessity for inquiry into the other factors that go into the balance until passage of a period of time that is, on its face, unreasonable under the circumstances. *Barker*, 407 U.S. at 530, 92 S. Ct. at 2192; *see Dragoo*, 96 S.W.3d at 313. In general, a delay approaching one year is unreasonable enough to trigger the full *Barker* analysis. *Dragoo*, 96 S.W.3d at 313.

In trial court cause number 30238, Gambrell was indicted for, among other things, one count of aggravated assault with a deadly weapon on November 22, 2021. Although represented by counsel, Gambrell first asserted his right to a speedy trial in a pro se motion filed on August 31, 2022. He filed a subsequent pro se speedy-trial motion on November 10, 2022, and pro se motions to dismiss on April 26, 2023, and May 3, 2023. This delay is long enough to trigger the full *Barker* analysis, and this factor weighs against the State.

**Reason for Delay**

When a court assesses the second *Barker* factor, "different weights should be assigned to different reasons" for the delay. *Barker*, 407 U.S. at 531, 92 S. Ct. at 2192; *Dragoo*, 96 S.W.3d at 314. Some reasons are valid and "serve to justify appropriate delay." *Dragoo*, 96 S.W.3d at 314. However, in the absence of an assigned reason for the delay, a court may presume neither a deliberate attempt on the part of the State to prejudice the defense nor a valid reason for the delay. *Id.*

At the hearing on Gambrell's motion to dismiss for lack of speedy trial, the trial court denied Gambrell's motion and noted the following:

> Mr. Gambrell, your case will be one of the cases on the docket for trial next month. I don't know if it will be reached or not. Unfortunately[,] we can only try one a month. I have got to share this courtroom with Judge Ridley, and we each have two other counties to go to. But I'm aware that you have been in jail for 285 days. So we will get to you as soon as we can. All right.

Additionally, Carrington, who was a victim and witness, was missing for an extended period of time. *See Barker*, 407 U.S. at 531, 92 S. Ct. at 2192 ("Finally, a valid reason, such as a missing witness, should serve to justify appropriate delay."). Gambrell testified that he did not know where Carrington was, and the record also shows subpoenas for Carrington returned unserved. Furthermore, some of the delay is attributable to the large number of pro se filings by Gambrell even though he was represented by counsel, as well as Gambrell being a fugitive and his arrest for state-jail felony abandoning/endangering a child with intent to return and misdemeanor possession of marihuana in San Jacinto

County, Texas, after his release on bail. *See State v. Munoz*, 991 S.W.2d 818, 822 (Tex. Crim. App. 1999) ("And delay which is attributable in whole or in part to the defendant may even constitute a waiver of a speedy trial claim."); *see also Dickey v. Florida*, 398 U.S. 30, 48, 90 S. Ct. 1564, 1574, 26 L. Ed. 2d 26 (1970) (Brennan, J., concurring) (noting that a defendant may be "disentitled to the speedy-trial safeguard in the case of a delay for which he has, or shares, responsibility"). We conclude that this factor weighs against Gambrell.

**Assertion of the Right**

A defendant has the responsibility to assert his right to a speedy trial. *Cantu v. State*, 253 S.W.3d 273, 283 (Tex. Crim. App. 2008). The lack of a timely demand for a speedy trial strongly indicates that a defendant did not really want a speedy trial and that he was not prejudiced by the lack of one. *Dragoo*, 96 S.W.3d at 314. Filing for a dismissal instead of a speedy trial will generally weaken a speedy-trial claim because it shows a desire to have no trial instead of a speedy one. *Cantu*, 253 S.W.3d at 283.

Gambrell filed several motions for speedy trial, but he also filed motions to dismiss, which, as stated in *Cantu*, weakened his speedy-trial claim. *See id.* Additionally, the record reflects that around the time Gambrell first asserted his speedy-trial right, appointed counsel filed a writ of habeas corpus on behalf of Gambrell, arguing that Gambrell's bail was excessive. Based on our review of the record, we cannot say that this factor weighs in favor of Gambrell.

**Prejudice to the Accused**

When a court assesses the final *Barker* factor, it must do so in light of the interests of defendants the speedy-trial right was designed to protect, which includes the following: (1) to prevent oppressive pretrial incarceration; (2) to minimize the accused's anxiety and concern; and (3) to limit the possibility that the accused's defense will be impaired. *See Barker*, 407 U.S. at 532, 92 S. Ct. at 2193; *see also Dragoo*, 96 S.W.3d at 316.

Gambrell's complaint regarding prejudice is that during his incarceration, he lost his job, spent all his financial resources, lost his home, and can no longer locate his prospective witness, Carrington. He further contends that he suffered a greater degree of anxiety and concern than otherwise associated with being charged with a crime, although there is nothing in the record to substantiate that other than this blanket assertion in Gambrell's brief to this Court.

Gambrell was indicted in trial court cause number 30238 on November 22, 2021. He later made bail in this matter on March 9, 2022. However, on July 20, 2022, the State filed a motion to revoke Gambrell's bail because he was arrested and charged with a state-jail felony offense of abandoning/endangering a child with intent to return and a class B misdemeanor offense of possession of marihuana in an amount less than two ounces while out on bail. The trial court signed an order revoking Gambrell's bail and increased the bail amount for each offense in this matter.

The time from when Gambrell was first indicted in trial court cause number 30238 until when he ultimately pleaded guilty was approximately eighteen months, although, as mentioned above, Gambrell was not incarcerated for that entire period. Nevertheless, Gambrell received credit on his sentence for his pretrial incarceration. This amounted to 533 days of credit. *See Starks v. State*, 266 S.W.3d 605, 612 (Tex. App.—El Paso 2008, no pet.) (holding that appellant's twenty-five month pretrial incarceration was not oppressive when appellant received credit on his sentence for time served and appellant ultimately pleaded guilty to the charges); *United States v. Casas*, 425 F.3d 23, 34-35 (1st Cir. 2005) (holding defendants' allegations of anxiety and concern during a forty-one month period of pretrial incarceration was insufficient to show a violation of the speedy-trial right when time served was credited against sentences they received upon conviction); *see also Brunson v. State*, No. 10-08-00312-CR, 2009 Tex. App. LEXIS 8922, at **9-11 (Tex. App.—Waco Nov. 18, 2009, no pet.) (mem. op., not designated for publication) (holding that a sixteen-month period of pretrial incarceration was not oppressive because appellant received credit on his sentence for time served after pleading guilty to the charged offense).

And as to Gambrell's claim of having suffered from heightened anxiety and concern, we note that any criminal charge is certain to bring a level of anxiety and concern with it; however, Gambrell failed to introduce any evidence that the anxiety he suffered either was abnormal or caused his case prejudice. *See Brunson*, 2009 Tex. App. LEXIS

8922, at *11 (citing *Goodrum v. Quarterman*, 547 F.3d 249, 263 (5th Cir. 2008) ("[G]eneralized expressions of anxiety and concern amount to little more than a nominal showing of prejudice."). Gambrell has not demonstrated sufficient personal or defense prejudice. As such, this factor weighs against Gambrell.

**Balancing**

In balancing the four factors, we find that although the delay was lengthy and Gambrell had been in jail for an extended period of time, Gambrell contributed to the delay, Gambrell's assertion of the speedy-trial right conflicted with appointed counsel's efforts to reduce Gambrell's bail, and the prejudice to Gambrell was slight. Therefore, when balanced together, the weight of the four factors is against a finding of a violation of Gambrell's right to a speedy trial. Accordingly, the trial court did not err by denying Gambrell's motion to dismiss for lack of a speedy trial. We overrule Gambrell's first issue in appellate cause number 10-23-00181-CR.

PROSECUTORIAL MISCONDUCT

In his second issue in appellate cause number 10-23-00181-CR, Gambrell reasserts his second issue from appellate cause number 10-23-00176-CR—that is, the Walker County District Attorney's Office engaged in prosecutorial misconduct by contacting CPS upon Gambrell's arrest for abandoning/endangering a child with intent to return. Specifically, Gambrell complains that the State made "false allegations" of child endangerment when addressing the absence of Carrington as a witness at trial during the

hearing on Gambrell's motion for speedy trial. We have already addressed the merits of this contention in appellate cause number 10-23-00176-CR. Thus, for the same reasons as addressed in appellate cause number 10-23-00176-CR, we overrule Gambrell's second issue in appellate cause number 10-23-00181-CR.

INEFFECTIVE ASSISTANCE OF COUNSEL

In his third issue, Gambrell complains that his trial counsel was ineffective for failing to emphasize Gambrell's speedy-trial claims.

As mentioned in our analysis of Gambrell's third issue in appellate cause number 10-23-00176-CR, Gambrell negotiated a plea with the State, and the trial court certified Gambrell's right to appeal only those matters raised by written motion and ruled on before trial and not withdrawn or waived. *See* TEX. R. APP. P. 25.2(a)(2)(A); *Ex parte Reedy*, 282 S.W.3d at 501 ("Following a negotiated guilty plea, a defendant has only a limited right to appeal; he may appeal only those matters that were raised by written motion filed and rule on before trial, or specific issues that the trial court has granted him permission to appeal." (internal citation & quotation omitted)). The record does not contain a ruling nor permission from the trial court regarding the right to appeal a claim for ineffective assistance of counsel. Because Gambrell did not raise nor obtain permission to appeal an ineffective-assistance-of-counsel claim, we overrule Gambrell's third issue in appellate cause number 10-23-00181-CR.

## Conclusion

Having overruled all of Gambrell's issues in appellate cause number 10-23-00176-CR and 10-23-00181-CR, we affirm the judgment of the trial court.


STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
(Chief Justice Gray dissents.)
Affirmed
Opinion delivered and filed January 4, 2024
Do not publish
[CR25]

